Henry PETERS et al., Appellants,

v.

**BOARD OF EDUCATION OF HARDIN COUNTY, Kentucky, Appellee.**

Wendell JEFFRIES et al., Appellants,

v.

**BOARD OF EDUCATION OF HARDIN COUNTY, Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 1, 1964.

James M. Collier, Faurest & Collier, Elizabethtown, for appellants.

Paul M. Lewis, Hatcher & Lewis, Elizabethtown, for appellee.

JAMES B. STEPHENSON, Special Commissioner.

Appellants, plaintiffs below, filed these actions, consolidated on appeal, against the Board of Education of Hardin County, the appellee, alleging that appellee negligently constructed or operated a sewerage system from their school buildings so as to cause sewage to come upon appellant's property and contaminate their water wells, and claiming monetary damages as a proximate result of the aforesaid alleged negligence.

Appellee filed motion to dismiss and a conference in the nature of a pre-trial was apparently held by the court, resulting in the trial court sustaining appellee's motion to dismiss, and adjudging that the dismissal of the complaint "be and it is a final and complete determination of said issue", without, however, the recitation of a determination that there is no just reason for delay. In the same order appellants moved for leave to amend their complaint for an injunction against appellee, which motion was sustained and the amended complaint was ordered filed.

Thereafter, notice of appeal was filed and within the time set out in CR 52.02 for amendment of findings, appellee moved the Court to make findings of fact and conclusions of law. The court heard the attorneys in conference, considered briefs, and made the following findings of fact:

(1) That the cause of action is based on negligence in the construction and operation of a sewage plant of a public school at Stephensburg in Hardin County;

(2) That the operation and maintenance of sewage facilities of the Stephensburg school plant is, and was at all times herein, a public governmental function of the Board of Education of Hardin County;

(3) That there was no trespassing or taking of property by the Board of Education; and

(4) That the damage, if any, was to subterranean waters.

The record in this case presents two problems involving the interpretation and application of the rules of civil procedure. The final order noted above purported to adjudicate one claim for relief in an action, but less than all of the claims, since the amended complaint asking for injunctive relief is still pending. We are presented herewith the effect of the failure of the trial judge to recite a determination that there is no just reason for delay. This question has not been raised by counsel.

 It is our view that an appellate court will on its own motion raise the lack of its jurisdiction where an order lacks finality. Moore's Federal Practice, Vol. 6, section 54.34. CR 54.02 sets out the procedure to be followed in granting a final judgment upon one or more, but less than all, of the claims in an action. The rule provides that final judgment may be granted upon one or more, but less than all, of the claims *only* upon a determination that there is no just reason for delay. The judgment which recites such determination and which recites the judgment is final is appealable. In the absence of such recitals, any order or other form of decision, however designed, which adjudicates less than all of the claim shall not terminate the action as to any of the claims and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims.

 Since this rule is originally designed for a specific purpose, its provisions must be strictly followed to transform an interlocutory order into a final one for the purpose of appeal. In the absence of the recitations required by the rule, in the order or judgment, an adjudication of one or more claims, but less than all the claims in an action, will not be entertained on appeal by the Court of Appeals. (See Clay CR 54.02, comment 5; also Moore's Federal Practice, Vol. 6, sec. 54.41.)

The proposition that this Court is without authority to entertain an appeal in this

situation was decided in Marr v. Falls City Stone Co., Ky., 329 S.W.2d 71, wherein it was ruled that the order failed to contain the recitals required by CR 54.02 so as to invest this Court with jurisdiction over the appeal.

The underlying reason for CR 54.02 providing that a final judgment may be granted in one claim for relief where multiple claims are presented only upon determination that there is no just reason for delay, is to prevent staggered appeals or piecemeal proceedings in appellate courts. See Cornett v. Wilder, Ky., 307 S.W.2d 752.

Wherefore, it is ordered that the appeal be and it is hereby dismissed.

The opinion is approved by the Court and the appeal is dismissed.