COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

GENERAL REFRACTORIES CORPORA-
TION, Appellee.

Court of Appeals of Kentucky.

Dec. 12, 1969.

John B. Breckinridge, Atty. Gen., Frankfort, Robert L. Hall, Dept. of Highways, Covington, Don Duff, Dept. of Highways, Frankfort, for appellant.

Thomas D. Theobald, Jr., Grayson, for appellee.

DAVIS, Commissioner.

The Department of Highways initiated condemnation proceedings against Gomez Littleton seeking to acquire right of way for highway construction. General Refractories Corporation, the appellee, held a lease on the property of Littleton and was joined as a condemnee in the county court proceedings. After trial by jury, a verdict was rendered for General Refractories Corporation for slightly more than $3,000. A verdict for $39,140 was returned in favor of Littleton. The trial court sustained a motion for new trial in favor of Littleton but overruled a similar motion respecting the claim of General Refractories. A single judgment was entered awarding General Refractories recovery of the sum awarded by the verdict, but there was no recitation in it, as required by CR 54.02, reflecting no just cause for delay and making the judgment final as to General Refractories. See Com., Dept. of Highways v. Littleton, Ky., 453 S.W.2d 532 (this day decided), as to the separate appeal of the property owner.

In this state of case it becomes necessary to dismiss the appeal, since it has been undertaken from a judgment involving multiple claims without a recital of the trial court's determination that the judgment should be regarded as final as respects General Refractories and that no just reason exists for delay. CR 54.02 specifically provides:

"In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims."

There is no appeal from an interlocutory order in this type case. Peters v. Board of Education of Hardin County, Ky., 378 S.W. 2d 638; Burroughs v. Bake Oven Supply Company, Inc., Ky., 434 S.W.2d 32.

The appeal is dismissed.

All concur.