**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Gomez LITTLETON, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1969.

Rehearing Denied June 5, 1970.

John Breckinridge, Atty. Gen., Frank-
fort, Don Duff, Frankfort, Robert Lee Hall,
Covington, Lewis D. Jones, Flemingsburg,
for appellant.

John A. Keck, Grayson, for appellee.

DAVIS, Commissioner.

In this condemnation proceeding the De-
partment of Highways is acquiring 37.51
acres from a farm which contained 230
acres before the taking. Embraced in the
taking were a large residence, a tenant
house, four barns, and some sheds. Three
wells were destroyed, and the former ac-
cess to the waters of Barretts Creek has
been impaired. The new right-of-way line
for relocated U.S. Highway 60 has been
moved to within three feet of the front
step and within six feet of the garage at a
comparatively new "ranch" house remain-
ing on the farm. The trees and front
yard of the "ranch" house were taken.

Nonaccess I–64 traverses the farm, as
does a service road to which there will be
access. Substantial fencing will be re-
quired if the farm is to be used for live-
stock, but appellee asserted that the farm
has lost its potential as a livestock farm.

The jury awarded $59,000 based upon its findings of before value of $100,000 and after value of $41,000. The Department appeals, asserting as its primary charge of error that the verdict is excessive and not sufficiently supported by evidence of probative value.

A related appeal has been dismissed in Com., Dept. of Highways v. General Refractories Company, Ky., 453 S.W.2d 531, (this day decided).

At a former trial a jury awarded the landowner $39,000. A new trial was granted the landowner after that verdict in which the jury had fixed an after value not supported by any evidence. No claim is presented that the first verdict should be restored.

The Department introduced evaluation evidence through three witnesses whose before values ranged from $55,000 to $62,800, with after values from $26,250 to $27,000, and resulting differences expressed from $28,000 to $36,500.

In sharp contrast, the appraisal evidence for the landowner fixed before values ranging from $95,000 to $124,000, after values from $20,000 to $45,00, with differences from $75,000 to $81,000.

■ Once again we are presented with a verdict which falls within the ambit of the before and after values expressed by the witnesses. This fact alone is not conclusive in the matter of testing whether the verdict is excessive or supported by evidence of sufficient probative value. Com., Dept. of Highways v. Gearhart, Ky., 383 S.W.2d 922, 925.

In examining the verdict here in light of the evidence presented, it appears that the award is patently excessive and not supported by evidence of such probative value as to induce conviction in the minds of reasonable men. Com., Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, 475.

■ We are mindful of the improvements taken in this proceeding. The large house,

as depicted by photographs in the record, appears to have been a substantial one. The other buildings shown fail to impress the viewer as of notable value, although the barns appear to have been adequate. Significantly none of the witnesses undertook to relate the extent of contribution to before market value attributable to the buildings. It would have been proper and helpful to supply such evidence. Com., Dept. of Highways v. Stamper, Ky., 345 S.W.2d 640; Com., Dept. of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249, 253.

It is seen that the range of before values offered for the landowner is from about $413 to $539 per acre. The after values expressed by the same witnesses reflect per-acre values from about $109 to $247. The per-acre findings of the jury were about $455 before and $224 after the taking. Computed on an acreage basis, the evidence for the Department placed the before value at about $285 and the after value at nearly $148.

Before the taking the Littleton farm lay in three tracts, but the dividing roads were free-access roads. After the taking the land will lie in four tracts, and one of the dividing roads is nonaccess I–64. The tobacco base of seven-plus acres remains.

■ The Department places much stress on the sale of Crawford to Fossom involving a farm of 320 acres as a potent indicator of market value. The Fossom sale was at $189 per acre. The witnesses for the landowner conceded that the Fossom farm was quite comparable to the Littleton farm but undertook to explain some differentiating aspects. Assuming the verity of some relatively minor dissimilarities between the Fossom and Littleton properties, there simply is no plausible way to reconcile a value of $187 per acre for the Fossom property with the jury's finding of approximately $455 per acre for the Littleton farm. We recognize that comparable sales are not immutable gauges of value, and we agree that the expert

witnesses properly may explain similarities and dissimilarities. Com., Dept. of Highways v. Thompson, Ky., 424 S.W.2d 382, 384; Stewart v. Commonwealth, Ky., 337 S.W.2d 880. There was no valid explanation suggested by any witness which could reasonably account for such a wide disparity between the Fossom value and the Littleton value. When it is recalled that the verdict on appeal exceeds by $20,000, (more than half again of $39,000) a verdict recently rendered by another jury for the same taking, the failure to satisfactorily account for the difference between the Fossom and Littleton farms takes on added significance. It is concluded that the verdict is excessive and unsupported by evidence of probative value necessary to sustain it.

The judgment is reversed.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, NEIKIRK, OSBORNE, and REED, JJ., concur.