**Robert V. HALE, Individually, etc., et al., Appellants,**

v.

**Elizabeth Nickell DEATON, etc., Appellee.**

**Elizabeth Nickell DEATON, etc., Cross-Appellant,**

v.

**Robert V. HALE, Individually, etc., et al., Cross-Appellees.**

Court of Appeals of Kentucky.

June 6, 1975.

Joe C. Savage, Turley, Savage & Moore, Lexington, for appellants and cross-appellees.

Frank G. Gilliam, Gilliam, Weinberg & Gilfedder, Lexington, for appellee and cross-appellant.

CATINNA, Commissioner.

Robert V. Hale appeals and Elizabeth Nickell Deaton cross-appeals from a judgment entered by the Fayette Circuit Court, Civil Branch, Fourth Division, ordering that Hale and others make an accounting of property that came into the possession of Minnie Hale as a result of power of attorney executed to her by George Hubert Hale. Robert V. Hale asserts upon appeal that the findings, conclusions, and judgment of the trial court concerning a ratification were clearly erroneous. Elizabeth Deaton asserts upon cross-appeal some eight grounds of error, and also claims that the judgment entered by the trial court on April 29, 1974, was interlocutory, and the subsequent order of May 28, 1974, did not render it final and appealable.

Deaton is the committee for George Hubert Hale, incompetent; Minnie Hale, now deceased, was the wife of George Hubert Hale; Johnie Hale, now deceased, was the son of Minnie by a prior marriage and executor of her will. Johnie died after this action was filed, and Robert V. Hale qualified as alternate executor of the estate of Minnie Hale, and May Fern Hale qualified as executrix of the estate of Johnie Hale. Johnie Hale, Robert V. Hale, and May Fern Hale were named defendants individually at the time this action was filed, and they are still parties individually and in their fiduciary capacity, except Johnie, who is deceased.

While George Hubert Hale and Minnie Hale were married, he executed a general power of attorney to Minnie and she, using this power, proceeded to dispose of a major portion of his estate. There is evidence

that some of his estate was transferred either to Minnie or to her son Johnie without consideration. Prior to her death, Minnie obtained from George a ratification of her acts as his attorney in fact, under the power of attorney executed by him to her.

Elizabeth Deaton later qualified as committee of George Hubert Hale, who had been adjudicated an incompetent. She filed this action seeking the following relief: (1) A declaration that the power of attorney from George Hubert Hale to Minnie Hale was null and void and all improper and unauthorized acts under the power of attorney were null and void; (2) a declaration that the ratification executed by George Hubert Hale was null and void; (3) a restoration of property; and (4) an accounting of all property of George Hubert Hale within the knowledge or control of the named defendants. The complaint also sought damages against all of the defendants in the amount of $500,000 and punitive damages against the defendant Johnie Hale in the amount of $250,000.

After an extended hearing, the court made findings of fact and conclusions of law concerning a number of the issues in controversy. Primarily, the court found that at the time of the execution of the power of attorney and at the time of the execution of the ratification George Hubert Hale was mentally competent and not acting under undue influence. However, the court found that the ratification did not ratify the acts of Minnie Hale because George Hubert Hale was not given details of the transactions involved. The court then found that there should be an accounting made of the property of George Hubert Hale. On April 29, 1974, the following "judgment" was entered:

"IT IS HEREBY ORDERED AND ADJUDGED that the defendants shall make an accounting of the property that came into the possession of Minnie Hale as a result of the Power of Attorney of George Hubert Hale; that if there is an evidentiary dispute as to what property came into her possession, that the matter be assigned to the Master Commissioner for hearing as to what property came into Minnie Hale's possession, the disposition of the property, and the disposition of the proceeds from the sale of said property. *When this has been accomplished, the Court will make further Findings of Fact as to restoration due George Hubert Hale from the defendants.*" (Emphasis ours.)

A May 28, 1974, order of the trial court overruling the motion of Hale for a modification of the court's findings and conclusions also provided: "The Judgment entered herein, and this Order are final and appealable Orders and Judgment of the Court."

CR 54.01 defines a final or appealable judgment as "a final order adjudicating all the rights of all the parties in an action or proceeding, *or a judgment made final under Rule 54.02.*" Cf. Burroughs v. Bake Oven Supply Company, Ky., 434 S.W.2d 32 (1968). The judgment entered by the trial court in the proceeding before us could not and does not adjudicate all the rights of all the parties. Actually, it merely prefaces the entry of additional orders by the trial court, their context being dependent upon facts developed by the accounting required by the judgment. The April 29, 1974, judgment was interlocutory and nonappealable.

An interlocutory judgment or order may be made final and appealable by compliance with CR 54.02(1) which provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the

order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims."

For the purpose of making an otherwise interlocutory order final and appealable, the trial court is required to determine "that there is no just reason for delay," and the judgment must recite this determination and also recite that the judgment is final. CR 54.02(1). The omission of one of these requirements is fatal. Com., Dept. of Highways v. General Refractories Corporation, Ky., 453 S.W.2d 531 (1969).

Before the processes of CR 54.02 may be invoked for the purpose of making an otherwise interlocutory judgment final and appealable, there must be a final adjudication upon one or more of the claims in litigation. The judgment must conclusively determine the rights of the parties in regard to that particular phase of the proceeding. While Deaton, in an effort to recover funds and property belonging to George Hubert Hale, demanded an accounting, this procedure was a corollary aspect of the principal claim. The judgment directing that the Hales account for property of George Hubert Hale that came into possession of Minnie Hale under the power of attorney executed by him did not finally fix the rights of any of the parties but was at the most an intermediate step in the proceeding. Considering the avowed intention of the trial court to make additional findings of fact and enter appropriate orders and judgments, the judgment directing the accounting was interlocutory and this status was not altered by an attempted compliance with CR 54.02. Chittum v. Abell, Ky., 485 S.W.2d 231, at page 237 (1972).

The appeal and cross-appeal are dismissed.

All concur.