MAZE, JUDGE:
*174 The Commonwealth of Kentucky, Energy and Environmental Protection Cabinet (EEC) appeals from an order of the Franklin Circuit Court which granted summary judgment to Concerned Citizens of Estill County, Inc. (CCEC) on its Open Records Act claims. Because we conclude that the orders appealed were not final and appealable, we are compelled to dismiss the appeal.
The relevant facts of this matter are as follows. CCEC sought records from several state agencies, including the EEC, regarding a notice of violation issued to a landfill in Estill County. The EEC denied the request, stating that the records were still preliminary. CCEC filed two separate actions with the Office of the Attorney General (OAG), seeking review of those denials. In August 2016, the OAG issued two opinions upholding the EEC's denial of the requests because the actions against the landfill were still pending. Ky. Op. Att'y Gen. 16-ORD-180 (2016) and Ky. Op. Att'y Gen. 16-ORD-180 (2016).
Thereafter, on September 13, 2016, CCEC filed an appeal from these opinions pursuant to KRS 61.882. By amended complaints, CCEC added claims for attorney fees and costs pursuant to KRS [1] 61.882(5). In a second amended complaint filed on May 10, 2017, CCEC brought an additional claim challenging the EEC's denial of a subsequent request for records.
After some narrowing of the issues, the matter proceeded to cross-motions for summary judgment. In an opinion and order entered on November 6, 2017, the circuit court granted CCEC's motion for summary judgment and ordered the EEC to produce the disputed records. Thereafter, the EEC filed a "Motion for Clarification," noting that the trial court was unclear which records were to be produced and when it would be required to produce them. In an order entered on November 20, 2017, the trial court specified that the EEC was required to produce the disputed records by November 29, 2017. On November 27, CCEC filed a motion and supporting affidavit for attorney fees and costs. The EEC filed its notice of appeal the following day, November 28, 2017.
As an initial matter, CCEC moves to dismiss the EEC's appeal as being taken from a non-final order. CCEC notes that the circuit court did not designate November 6 or November 20 orders as final and appealable. Furthermore, CCEC notes that its claim for attorney fees and costs was still pending at the time the EEC filed its notice of appeal. In the absence of a finality recitation, CCEC argues that the EEC's appeal is not taken from a final and appealable order.
The EEC first responds that CCEC's motion for attorney fees was filed more than ten days after the November 6 order, leaving the circuit court without jurisdiction *175 to rule on the question. However, the EEC's "Motion for Clarification" dated November 15, 2017, was essentially a motion to alter, amend or vacate a judgment pursuant to CR [2] 59.05. Even if the November 6 order was final and appealable, the EEC's filing of the motion stayed finality until the motion was ruled upon. Gullion v. Gullion , 163 S.W.3d 888, 891 (Ky. 2005) (citing Kurtsinger v. Bd. of Trustees of Ky. Ret. Sys. , 90 S.W.3d 454 (Ky. 2002) ). Thus, finality did not attach until the court entered the November 20 order. CCEC's November 27 motion for attorney fees and costs would have been timely.
Moreover, we disagree with the EEC that the November 6 or the November 20 orders were final. Although the circuit court orally stated that it believed those orders to be final, it is well-established that the court speaks through its "written orders entered upon the official record." Oakley v. Oakley , 391 S.W.3d 377, 378 (Ky. App. 2012) (citing Kindred Nursing Centers Ltd. Partnership v. Sloan , 329 S.W.3d 347, 349 (Ky. App. 2010) ). Even though the circuit court may have believed those orders resolved all pending issues, its written orders do not reflect that understanding.
Rather, this Court must determine on its own whether the order appealed from lacks finality. Francis v. Crounse Corp. , 98 S.W.3d 62, 64 (Ky. App. 2002) (citing Huff v. Wood-Mosaic Corp. , 454 S.W.2d 705, 706 (Ky. 1970) ). CR 54.01 defines a final and appealable order as one which adjudicates the rights of all of the parties. As pertinent here, CR 54.02(1) provides that:
When more than one claim for relief is presented in an action, ... the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
In this case, it is clear that the circuit court's November 6 judgment, as modified by its November 20 order, was not a final and appealable order. In Francis v. Crounse Corp. , supra , this Court held that a claim for attorney fees and costs arising under the statute creating the cause of action is part of that claim, and consequently the judgment is not final until the pending claim for attorney fees is resolved. Id. at 67. And in Bd. of Comm'rs of City of Danville v. Advocate Commc'ns, Inc. , No. 2013-CA-000887-MR, 2014 WL 1407303 (Ky. App. Apr. 11, 2014),[3] a panel of this Court likewise held that a pending claim for attorney fees under the Open Records Act would preclude finality of the judgment in the absence of the required recitations under CR 54.02(1). Id. at *2.
CCEC's amended complaint set out a claim for attorney fees under KRS 61.882(5). Even without its November 27, 2017 motion, CCEC's statutory claim for attorney fees remained pending at the time the EEC filed its notice of appeal.
*176 Although the circuit court's summary judgment order could have been made final and appealable had the CR 54.02 recitations been included, it remained an interlocutory order in the absence of those recitations. Hale v. Deaton , 528 S.W.2d 719, 722 (Ky. 1975).
With limited exceptions, an appeal may not be taken from a non-final order. Wright v. Ecolab, Inc. , 461 S.W.3d 753, 758 (Ky. 2015). Therefore, this Court is without jurisdiction to consider the merits of the appeal. Under the circumstances, we are compelled to dismiss the EEC's appeal and remand this matter for entry of a final and appealable order.
We recognize that the parties have extensively briefed and argued this appeal already. But even if CCEC had not brought the matter to this Court's attention, we are required to raise an issue concerning the lack of jurisdiction if the order appealed from lacks finality. Francis , 98 S.W.3d at 64. Upon entry of a final order and filing of a new notice of appeal, this Court will entertain a motion to expedite the appeal to avoid any further delay.
Accordingly, we dismiss the appeal and remand this matter to the Franklin Circuit Court for additional proceedings and entry of a final order.
ALL CONCUR.

Kentucky Revised Statutes.

Kentucky Rules of Civil Procedure.

Cited as persuasive authority pursuant to CR 76.28(4).