RENDERED: MARCH 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0071-MR

DANA L. HAUNER                                                     APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.       HONORABLE ANGELA MCCORMICK BISIG, JUDGE
ACTION NO. 19-CI-004456

CAP VENTURES GROUP, INC.                                          APPELLEE

OPINION
DISMISSING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

MAZE, JUDGE: Dana L. Hauner appeals from the Jefferson Circuit Court's grant

of summary judgment to CAP Ventures Group, Inc. (CAP). Because Hauner has

not appealed from a final and appealable order, we must dismiss this appeal.

In July 2019, Hauner filed suit against CAP in the Jefferson Circuit

Court alleging, among other things, that CAP fraudulently induced her to sign

documents conveying real property. Eventually, CAP filed an answer and

counterclaims against Hauner, mainly pertaining to overdue rent. Hauner filed a reply to CAP's counterclaims.

In April 2020, CAP moved for summary judgment on Hauner's claims, arguing she was estopped from raising them because she had not mentioned them during her recent bankruptcy proceedings. In July 2020, without Hauner having filed a response, the trial court granted summary judgment to CAP and ordered Hauner's claims dismissed with prejudice. That order did not resolve CAP's counterclaims but did state that it was a final and appealable order with no just cause for delay.

Hauner filed a motion to set aside that summary judgment, arguing she had not received CAP's motion. So, in July 2020, the trial court set aside its summary judgment order. After briefing concluded, on November 16, 2020, the trial court again granted summary judgment to CAP, holding in relevant part that "Hauner's intentional omission of her claims in the bankruptcy proceeding" meant that she was "judicially estopped from pursuing her claims . . . ." Record (R.) at 624.

On November 30, 2020, Hauner filed a motion to vacate or amend that summary judgment order. CAP argued Hauner's motion was untimely since it was filed more than ten days after the summary judgment order was issued and entered. In December 2020, the trial court denied the motion. The typed portion

-2-

of the order summarily denied the motion without explanation, but the court added the following handwritten notation: "**Mo [presumably motion] not timely[.]"[1] R. at 637. Hauner then filed this appeal.

The parties did not raise as an issue the lack of a final and appealable order. However, under longstanding Kentucky precedent, we determine *sua sponte* the finality of an order which forms the basis of an appeal. *See, e.g.*, *Peters v. Board of Educ. of Hardin County*, 378 S.W.2d 638, 639 (Ky. 1964). We must make that determination because, other than limited circumstances not present here, we are "without jurisdiction to consider the merits" of an appeal taken from a non-final order. *Energy and Environment Cabinet v. Concerned Citizens of Estill County, Inc.*, 576 S.W.3d 173, 176 (Ky. App. 2019).

So, what is a final and appealable decision? CR 54.01 states that "[a] final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02."

---

[1] On appeal, CAP again insists Hauner's motion to amend or vacate was untimely because it was filed more than ten days after the November 16, 2020 summary judgment order was issued. We need not delve deeply into this argument because the lack of a final and appealable order is dispositive of this appeal. Instead, we briefly note that ten days after the order was issued was Thursday, November 26 – Thanksgiving Day. And the next day, Friday, November 27, 2020, was a day when the Court of Justice was officially closed. Of course, the following two days were a Saturday and a Sunday. Hauner filed her motion on Monday, November 30. Thus, it was timely via application of Kentucky Rule of Civil Procedure (CR) 6.01 and/or Kentucky Revised Statute (KRS) 446.030, which generally provide that a deadline which falls on a holiday or a weekend is extended until the next day which is neither a holiday nor a weekend day.

Thus, there are two ways an order becomes final and appealable. First, an order is final and appealable if it resolves all the rights of all the parties. That did not occur here because the trial court did not resolve CAP's counterclaims.

Second, an otherwise interlocutory order is final and appealable if the trial court follows the procedure outlined in CR 54.02. To make an order resolving less than all claims final and appealable under CR 54.02(1), the trial court must make "a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final." CR 54.02(1). We have emphasized that "[s]trict compliance with the rule is required. A trial court's failure to conclude both recitations in a judgment renders it interlocutory and nonappealable." *Vorherr v. Coldiron*, 525 S.W.3d 532, 540 (Ky. App. 2017) (citations omitted).

Here, the July 2020 order granting summary judgment to CAP stated that it was final and appealable and there was no just cause for delay. But the trial court set aside that order. And, for reasons not apparent from the face of the record, the November 2020 summary judgment order does not state that it is final and appealable or that there is no just cause for delay. Similarly, the order denying Hauner's motion to amend or vacate does not contain either mandatory recitation.

Thus, we "are compelled" to dismiss this appeal. *Concerned Citizens of Estill County, Inc.*, 576 S.W.3d at 176.

We "recognize that the parties have extensively briefed and argued this appeal already." *Id.* But we cannot determine the propriety of interlocutory decisions over which we lack jurisdiction. "Upon entry of a final order and filing of a new notice of appeal, this Court will entertain a motion to expedite the appeal to avoid any further delay." *Id.*

For the foregoing reasons, we dismiss this appeal and remand the matter to the Jefferson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Robert Frederick Smith
Prospect, Kentucky

BRIEF FOR APPELLEE:

Megan P. Keane
Louisville, Kentucky