RENDERED:  DECEMBER 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0233-MR

FORTRESS PROPERTIES, LLC AND
MAJEED NAMI                                                    APPELLANTS


APPEAL FROM LAUREL CIRCUIT COURT
v.        HONORABLE MICHAEL O. CAPERTON, JUDGE
ACTION NO. 18-CI-00421


COMMUNITY TRUST BANK, INC.
AND BROOKS DIVERSIFIED, LLC                                    APPELLEES


OPINION AND ORDER
DISMISSING IN PART AND
AFFIRMING IN PART

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CALDWELL AND MAZE, JUDGES.

MAZE, JUDGE:  Fortress Properties, LLC (Fortress) and its owner, Majeed Nami

(Nami),[1] appeal from orders of the Laurel Circuit Court entered on December 2,

---

[1] Hereafter Appellants will be referred to collectively as "Fortress" unless the context specifically requires otherwise.

2019, January 13, 2020, April 5, 2021, and February 15, 2022, arising out of a foreclosure case against Brooks Diversified, LLC.

## I. BACKGROUND:

In May of 2018, First State Bank of the Southeast (FSB) initiated a foreclosure action against the real estate of Brooks Diversified, LLC. Brooks Diversified, LLC was not in default. However, its principal, Jason Brooks had died.

Fortress moved to intervene, claiming an interest in the subject property, since they had originally conveyed it to Brooks Diversified, LLC pursuant to a development agreement. Their complaint set out numerous breaches of that agreement as well as claims for misappropriation and unjust enrichment. They later paid the sum due and owing to FSB and an agreed order was entered substituting them as plaintiffs, realigning the parties, and dismissing FSB. Fortress and Nami then proceeded to enforce the FSB note and mortgage.

On February 11, 2019, a judgment and order of sale was entered, awarding Fortress a first priority lien on three separate parcels of land and a judgment in the sum of $263,589.74 as of September 12, 2018, with interest at the rate of $66.38 per day until paid, together with attorney fees and costs paid as of September 12, 2018, in the amount of $4,926.59. The order also provided that, if Fortress chose to bid on the property at the master commissioner's sale, it would be

entitled to a credit against its judgment without the need for the usual cash deposit. The master commissioner was directed to sell each of the subject tracts separately. Only if Tracts I and III failed to generate sufficient revenue to pay the FSB indebtedness would the sale of Tract II be required.

The master commissioner's sale took place on April 12, 2019, and the commissioner filed her report, indicating that Tract I had been sold to Bill and Judy Deaton for $150,000.00, Tract III was sold to Fortress for $25,000.00, and Tract II was sold to Keisha Brooks for $258,000.00. She paid the required 10% payment of $25,800.00.

The master commissioner moved the court for confirmation of the sale. The matter was heard by the court on May 10, 2019. Despite having heard Fortress' objection that Keisha Brooks had not paid the balance due on her bid within thirty days, the court signed its order confirming sale, ordering deed, and partial distribution of sale proceeds. The order stated that the purchasers had "made full and complete payment," and that the master commissioner had proceeds in her hands in the sum of $408,000.00. The order, entered by the clerk on May 13, 2019, further provided that "All liens held by any party hereto are released by this Order." Also on May 13, 2019, Keisha Brooks assigned her bid to Brooks Diversified, LLC.

Brooks Diversified, LLC moved the court to alter or amend its order of May 13, 2019. It reasoned that when the sums paid by the purchasers of Parcels I and III were applied to the balance owed on the FSB note, a balance of $107,522.51 remained. After further applying Keisha Brooks' 10% payment of $25,800.00, Fortress was then owed a balance of $81,722.51. That sum having been paid by Brooks Diversified, LLC to the master commissioner pursuant to its assigned bid, it asked that the court's May 13, 2019, order be amended to reflect that Fortress has been paid in full on the FSB note.

The court attempted to resolve this issue and the concerns previously raised by Fortress by order entered on September 3, 2019. After having confirmed the master commissioner sales to Fortress and the Deatons, the court vacated the sale to Keisha Brooks and ordered that the 10% payment and the Brooks Diversified, LLC payment of $107,522.51 be refunded. The deed to Brooks Diversified, LLC was declared void. The master commissioner was ordered to resell Tract II.

Brooks Diversified, LLC immediately filed its motion for CR[2] 60.02 relief and on December 2, 2019, the court vacated the September 3, 2019, order. Instead, it ordered that:

---

[2] Kentucky Rules of Civil Procedure.

1. The Master Commissioner shall issue a deed to Keisha Brooks for the subject property she has the successful bid on;

2. Should the trial or other conclusion of this matter result in a determination that the Defendant does not owe Plaintiffs any money, Keisha Brooks shall own the property free and clear of all claims of Plaintiffs;

3. Should the trial or other conclusion of this matter result in a determination that Defendant owes Plaintiffs money, Keisha Brooks shall have the option to:

    (a) Pay all monies owed by Defendant to Plaintiff within a reasonable time and own the property free and clear of the claims of Plaintiffs; or

    (b) Notify the Court of her election to forfeit the property and receive a full refund of all sums paid to the Master Commissioner for the property and the property shall then be resold by the Master Commissioner.

Thus, while the sum of $133,123.10 was distributed to Fortress by the master commissioner, the amount paid by Keisha Brooks, $107,522.51 was withheld pursuant to the court's order of January 13, 2020.

Brooks Diversified, LLC filed its motion for summary judgment as to the claims as set forth in Fortress' intervening complaint. On April 5, 2021, the court entered its order granting in part and denying in part.

Summary judgment was awarded in favor of Brooks Diversified, LLC on Fortress' claims that it was entitled to recover under a rental agreement for the "use and occupation of a home on the subject property." The court also granted summary judgment as to Fortress' claims that Brooks Diversified, LLC breached the development agreement by failing to develop the real estate, by using the financing it obtained from FSB for purposes other than developing the real estate, and by defaulting on the FSB loan. The court also granted summary judgment as to the issue of reconveyance under the agreement, since it requires reconveyance under only two circumstances: 1) failure to obtain financing; or 2) failure to commence development and/or construction within ninety days and Brooks Diversified, LLC had met both of those requirements.

However, the court concluded that there were genuine issues of material fact which precluded summary judgment as to Fortress' remaining claims, including, recoupment and net profit from the sale of a townhouse to Michele Jarboe, misappropriation/unjust enrichment, and loans purportedly made by Brooks Diversified, LLC to Fortress and/or Nami.

On December 18, 2020, Community Trust Bank (CTB) filed its motion to intervene, claiming a "first and prior lien" upon the subject property based upon a loan made to Keisha Brooks and Frank O. Russell. On January 12, 2021, CTB filed its intervening complaint.

After leave to intervene was granted, CTB filed its motion for summary judgment and to modify the court's order of December 2, 2019. CTB asserted its lien is superior to any other interest asserted in this case because the property was sold "free and clear" of encumbrances and the liens, if any, of Fortress were released by confirmation of the sale and its remaining causes of action are compensable by monetary damages that have not yet been reduced to a judgment lien.

On February 15, 2022, the court granted summary judgment in favor of CTB, holding that "any purported interest Plaintiff's [sic] had in the Property by virtue of the claims asserted in Fortress's Complaint were extinguished by the Judgment Order and Order Confirming Sale. That order was a final and appealable order and was clear in its terms." Further, as Fortress had not reduced any of its claims pursuant to the development agreement to judgment liens, the court concluded that CTB's prior filed lien held the superior interest in the subject property.

The court having found that summary judgment in favor of CTB was proper then held that because the December 2, 2019, order was interlocutory, it remains subject to modification at any time. As such, the order now reflects that "any interest in the Property which may be awarded to the Plaintiffs pursuant to

that Order is subject to the CTB mortgage which shall take first priority, and vacating Ms. Brooks' right to forfeit the Property under Paragraph 3(b) of same." Additional facts may be set forth below, as they become necessary.

## II.    JURISDICTION:

As an initial matter, it is necessary to determine which, if any, of the circuit court's orders is subject to review by this Court.  "[A]n appeal may be properly considered only if perfected according to our rules of practice and procedure.  Our rules require that there be a final order or judgment from which an appeal is taken." *Wilson v. Russell*, 162 S.W.3d 911, 913 (Ky. 2005).  Such an order is one which adjudicates "all the rights of all the parties in an action or proceeding[.]"  CR 54.01.  However, CR 54.02 does set forth an exception in cases involving multiple claims or multiple parties.  Nevertheless, the order under consideration must set forth with specificity that it is final and that there is no just reason for delay.  Without such a finding, an order remains interlocutory and subject to modification and this Court is without jurisdiction to review it.  *Cassetty v. Commonwealth*, 495 S.W.3d 129, 132 (Ky. 2016).

*December 2, 2019*:

Following sale of the subject property, the master commissioner moved to have the sale confirmed.  A hearing on that motion took place on May 10, 2019, at which time Fortress objected to confirmation of the commissioner's

report which indicated that Keisha Brooks had paid the full amount of her bid. The court indicated that if she failed to "follow through" with full payment then the proper remedy would be the filing of a motion to alter, amend, or vacate within ten days of the entry of the order confirming. That order was then entered on May 13, 2019. Fortress moved to set aside the sale and to partially vacate the order confirming the sale. Brooks Diversified, LLC also filed a motion to alter or amend, seeking to have the order confirming the sale reflect the fact that Keisha Brooks had paid the 10% deposit but Brooks Diversified, LLC had paid the sum of $81,722.51, following assignment of her bid.

The court's order on September 3, 2019, was entered in response to these two motions. It vacated those portions of the order confirming sale relative to Keisha Brooks, ordered that all sums paid pursuant to that transaction be refunded, and voided the deed to Brooks Diversified, LLC.

The December 2, 2019, order granting Brooks Diversified, LLC's motion for CR 60.02 relief from the September 3, 2019, order clearly does not dispose of all claims as required for finality pursuant to CR 54.01. It vacates the September 3, 2019, order and directs that a deed be issued to Keisha Brooks. However, Paragraphs (2) and (3) of the order are specifically made conditional on a determination of liability between Fortress and Nami and Brooks Diversified, LLC. As this order does not adjudicate "all of the claims of all of the parties

-9-

before the court at the time the order was entered" it remains interlocutory and is not subject to appeal herein. *Security Federal Savings & Loan Association of Mayfield v. Nesler*, 697 S.W.2d 136, 138 (Ky. 1985).

*January 13, 2020*:

The court's order on January 13, 2020, partially granted Fortress' motion for a distribution of funds on deposit as proceeds of the April 12, 2019, sale. While the court directed the sum of $133,123.10 be distributed "immediately" to Fortress, the sum of $107,522.51 representing the amount paid by or on behalf of Keisha Brooks was withheld.

The original judgment and order of sale entered on February 11, 2019, awarded Fortress judgment in the amount of $263,589.74 as of September 12, 2018, with interest at the rate of $66.38 per day until paid, together with attorney fees and costs paid as of September 12, 2018, in the amount of $4,926.59. This order was, as a matter of law, final and appealable. *Young v. U.S. Bank, Inc.*, 343 S.W.3d 618 (Ky. App. 2011). However, the January 13, 2020, order did not result in the resolution of that claim, or any of the others raised in Fortress' intervening complaint. Once again, the Court finds that this order does not represent a resolution of all claims, or indeed even of only the FSB mortgage claim. Therefore, the order is not final and appealable, and it is not within this Court's jurisdiction for purposes of review.

-10-

*April 5, 2021*:

Brooks Diversified, LLC argues that this order granting partial summary judgment in its favor is interlocutory and therefore not subject to appeal before this Court. The court's order is exclusively devoted to the issues raised in the intervening complaint filed by Fortress and Nami based upon the purported rental agreement and upon the development agreement with Brooks Diversified, LLC. Although summary judgment was granted as to the rental agreement and the issues of failing to develop real estate, use of financing for other purposes, defaulting on the FSB loan, and reconveyance, the court held that there remained issues of fact as to the issues of recoupment and net profit regarding the Jarboe transaction and the claims of misappropriation and unjust enrichment as well as Brooks Diversified, LLC's claims against Fortress and Nami for unpaid loans. Therefore, summary judgment was denied as to those matters. As not all claims were resolved, the only way to render this order final and appealable pursuant to CR 54.02 would have been for the court to have designated it so, finding that there was no just cause for delay. No such designation was made. Therefore, this order also remains interlocutory.

*February 15, 2022*:

In its order of February 15, 2022, the court granted CTB's motion for summary judgment and to modify order dated December 2, 2019. It held that, by

virtue of its February 11, 2019, judgment and order of sale and May 13, 2019, order confirming sale, ordering deed, and partial distribution of sale proceeds, the FSB lien asserted by Fortress had been extinguished. The court found that, as a matter of law, both of those orders were final and appealable, and neither were challenged. Further, because the December 2, 2019, order granting CR 60.02 relief resulted in the master commissioner issuing a deed to Keisha Brooks, at the time of her transfer to Frank Russell and the pair's subsequent loan transaction with CTB, the court found that a first and superior lien interest was created. Any interest which might accrue to Fortress would be the result of a subsequent money judgment on some or all of its remaining claims, which have yet to be adjudicated and reduced to a judgment that could, in turn, be perfected as a lien. As such, it would of necessity be subordinate to CTB's interest. The court then made clear that its December 2, 2019, order was never intended to impede the finality of the order confirming sale, nor was it intended to operate as a pre-judgment attachment in favor of Fortress and Nami, barring Keisha Brooks from dealing with the property as any successful bidder might.

The court noted that, as the December 2, 2019, order was interlocutory, it was subject to modification at any time. It held that based upon its finding that CTB is the holder of a prior and superior mortgage, such modification

is warranted.  This order was specifically designated final and appealable, without just cause for delay.

"Before the processes of CR 54.02 may be invoked for the purpose of making an otherwise interlocutory judgment final and appealable, there must be a final adjudication upon one or more of the claims in litigation.  The judgment must conclusively determine the rights of the parties in regard to that particular phase of the proceeding." *Hale v. Deaton*, 528 S.W.2d 719, 722 (Ky. 1975).  This Court finds that the order of February 15, 2022, fully adjudicates the claims between CTB and the other parties pertaining to lien priority to the subject property.  Thus, while the April 5, 2021, order makes clear that issues remain as to potential monetary damages which may be recoverable by Fortress and Nami from Brooks Diversified, LLC and, likewise, by Brooks Diversified, LLC against Fortress and Nami, CTB's claim has been fully resolved and is now a proper subject for appeal.

## III.  STANDARD OF REVIEW:

"Appellate review of a summary judgment involves only legal questions and a determination of whether a disputed material issue of fact exists.  So we operate under a de novo standard of review with no need to defer to the trial court's decision." *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 906 (Ky. 2013).

## IV. ANALYSIS:

Based upon our review of the record, it is clear that, as found by the circuit court, at the time of Keisha Brooks' conveyance to herself and Frank Russell and subsequent mortgage to CTB, she had full authority to treat Parcel II as her own, as would any successful bidder at a master commissioner's sale.

Paragraph (9) of the judgment and order of sale entered on February 11, 2019, stated in pertinent part that the property would be sold "free and clear of all liens, claims and encumbrances of the parties herein . . . ." That was, as a matter of law, a final and appealable order from which no appeal was taken. *Nesler*, 697 S.W.2d at 138. Similarly, the order confirming sale entered May 13, 2019, provided that "[a]ll liens held by any party hereto are released by this Order." This was also a final and appealable order from which no appeal was taken. *U.S. National Bank Association v. American General Home Equity, Inc.*, 387 S.W.3d 345 (Ky. App. 2012).

While it does appear that Fortress has not yet recouped the full amount due and owing on the FSB note, its interest is no longer secured by the subject property. However, as set forth above, this is one of several issues remaining for determination between Fortress and Brooks Diversified, LLC and should serve as no bar to CTB's enforcement of its note and mortgage. This is particularly true in light of the fact that it entered into the transaction regarding

-14-

Parcel II without notice of any potential interest of Fortress. The *lis pendens* filed on behalf of FSB did not, as specifically provided by statute, extend to notify interested parties of the claims of any successor parties. KRS[3] 382.440(2). Further, as argued by CTB, if Fortress was able to obtain a judgment against Brooks Diversified, LLC, then attempt to enforce it against Parcel II, its interest would remain subordinate to the latter's "first in time" interest. *Indiana Truck Corporation of Kentucky v. Hurry Up Broadway Co.*, 222 Ky. 521, 1 S.W.2d 990 (1928).

Having found summary judgment to have been appropriate herein, we now turn to the issue of the court's modification of the December 2, 2019, order. As set forth above, that order is clearly interlocutory because it does not fully adjudicate any issue herein as required by CR 54.01 nor was it designated final and appealable without just cause for delay by the court as required by CR 54.02. Therefore, it was subject to modification by the court at any time. Based upon the foregoing, we affirm the circuit court's order of February 15, 2022, granting summary judgment to CTB and modifying its previous order of December 2, 2019.

V. **CONCLUSION:**

Accordingly, Fortress Properties, LLC and Majeed Nami's attempts to appeal from the Laurel Circuit Court's orders of December 2, 2019, January 13,

---

[3] Kentucky Revised Statutes.

2020, and April 5, 2021, are dismissed as taken from non-final orders. However, the order of the Laurel Circuit Court entered February 15, 2022, is affirmed.

Upon remand, the Laurel Circuit Court is directed to determine fully and finally what sum, if any, remains due and owing on the FSB note obligation for which Fortress was awarded judgment on February 11, 2019. Further, Fortress' remaining claims against Brooks Diversified, LLC arising under the Development Agreement between the two as to recoupment and net profit regarding the Jarboe townhome purchase, misappropriation, and unjust enrichment, as well as Brooks Diversified, LLC's claims against Fortress and Nami for unpaid loans are yet to be adjudicated fully and finally by the court. Upon resolution, these matters are to be reduced to written orders and designated final and appealable where appropriate.

ENTERED: ___12-22-2022___     _____
JUDGE, COURT OF APPEALS

ALL CONCUR.

-16-

BRIEF FOR APPELLANT:

Scott M. Webster
London, Kentucky

BRIEF FOR APPELLEE
BROOKS DIVERSIFIED, LLC:

Brad C. Freeman
Corbin, Kentucky

BRIEF FOR APPELLEE
COMMUNITY TRUST BANK, INC.:

Melissa J. Lettiere
Chicago, Illinois