RENDERED: MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0673-MR

JOHNNY REEDY; AND
LANORA KAY REEDY                                                  APPELLANTS

APPEAL FROM GRAYSON CIRCUIT COURT
v.          HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 22-CI-00260

CAMERON N. BRATCHER; AND
EDDIE SWIFT                                                         APPELLEES

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE: CALDWELL, ECKERLE, AND MᴄNEILL, JUDGES.

ECKERLE, JUDGE: Appellants, Johnny and Lanora Kay Reedy (collectively, the "Reedys"), appeal from a summary judgment of the Grayson Circuit Court dismissing their abuse-of-process claims against Appellees, Cameron N. Bratcher ("Bratcher") and Eddie Swift ("Swift"). We must note however, that Bratcher's

and Swift's counterclaims remain pending. Further, the Trial Court's Order does not include finality language, rendering it interlocutory. As a result, this Court lacks jurisdiction to review these proceedings at this juncture. Hence, we must dismiss the appeal.

For purposes of this appeal, the following facts are relevant. In 2016, a dispute arose among the parties concerning the ownership and access to Tanyard Spring Lick Road, a dead-end road running across the Reedys' property in Grayson County, Kentucky. Bratcher and Swift had regularly used the road, and they have argued that it is a public-access road. During the course of the dispute, Johnny Reedy blocked the road with a tractor and other obstacles.

In response, Bratcher and Swift contacted the Grayson County Attorney. The Grayson Fiscal Court directed the Reedys to remove the obstacles blocking Tanyard Spring Lick Road. When the Reedys refused to comply, the prosecution charged Johnny Reedy with obstructing a highway in violation of KRS[1] 525.140. Another court subsequently dismissed that count. The prosecution filed separate, criminal charges relating to the dispute against Lanora Kay Reedy. She later pleaded guilty to second-degree disorderly conduct.

---

[1] Kentucky Revised Statutes.

Other property owners adjoining the road filed a civil action to determine the status of the road. In that action, the Circuit Court ultimately determined that Grayson County had abandoned the road, and it was no longer a public-access road. However, the Circuit Court also ruled that the adjoining property owners had acquired a prescriptive easement. Consequently, the Circuit Court ordered the Reedys to remove all gates and obstacles and to refrain from interfering with the other property owners' reasonable use of the road.

On November 7, 2022, the Reedys filed the current action against Bratcher and Swift, asserting claims for abuse of process.[2] After filing their answers and counterclaims, Bratcher and Swift moved to dismiss the complaint, arguing that the Reedys' claim for abuse of process was barred by the one-year statute of limitations in KRS 413.140(1). In an order entered on March 20, 2023, the Trial Court granted the motion, agreeing with Bratcher and Swift that KRS 413.140(1) applied and prohibited the instant action.

The Reedys then filed a motion to alter, amend, or vacate the summary judgment. CR[3] 59.05. The Reedys argued that the Trial Court improperly relied on two, unpublished opinions of the Kentucky Court of Appeals.

---

[2] Previously, the Reedys had filed a similar complaint in Federal Court, asserting claims for violation of civil rights under 42 U.S.C. §§ 1983 and 1985. The Federal Court dismissed those claims and declined to accept supplemental jurisdiction over the state-law claims.

[3] Kentucky Rules of Civil Procedure.

In an Order entered on May 4, 2023, the Trial Court denied the motion, but amended its prior order to incorporate its later analysis. This appeal followed. Additional facts will be set forth below as follows.

As an initial matter, we must conclude that the Trial Court's Orders are not final and appealable. CR 54.01 states that "[a] final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." If a trial court grants a judgment on less than all of the claims or actions in a proceeding, then that order is interlocutory unless the court follows the procedure outlined in CR 54.02. To make an order resolving less than all claims final and appealable under CR 54.02(1), a trial court must make "a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final." CR 54.02(1). We have emphasized that "[s]trict compliance with the rule is required. A trial court's failure to conclude both recitations in a judgment renders it interlocutory and nonappealable." *Vorherr v. Coldiron*, 525 S.W.3d 532, 540 (Ky. App. 2017) (citations omitted).

The Trial Court's March 20, 2023, Order dismissed the Reedys' claims with prejudice. However, the Trial Court did not address Bratcher's and Swift's counterclaims. Likewise, the Trial Court's May 4, 2023, Order did not address the counterclaims. And neither Order included finality language.

Although the Trial Court could have made its summary judgment final and appealable by including the CR 54.02 recitations, it instead decided to allow its Order to remain interlocutory by choosing to refrain from using the language required to make an order subject to review by this Court. *Energy & Env't Cabinet v. Concerned Citizens of Estill Cnty., Inc.*, 576 S.W.3d 173, 176 (Ky. App. 2019) (citing *Hale v. Deaton*, 528 S.W.2d 719, 722 (Ky. 1975)).

With few exceptions, this Court only has jurisdiction to review final and appealable orders. *Wright v. Ecolab, Inc.*, 461 S.W.3d 753, 758 (Ky. 2015). Where an underlying order appears to lack finality, we must raise the jurisdictional issue *sua sponte*. *Padgett v. Steinbrecher*, 355 S.W.3d 457, 459-60 (Ky. App. 2011). Because the Reedys have attempted to appeal from an interlocutory order, we lack jurisdiction to address the merits of the appeal at this time. Therefore, we must dismiss the appeal.

Accordingly, we dismiss the above-styled appeal as taken from a non-final order.

ALL CONCUR.

ENTERED: _____     _____
                              JUDGE, COURT OF APPEALS

-5-

BRIEFS FOR APPELLANTS:        BRIEF FOR APPELLEE:

Harry B. O'Donnell IV        Joseph M. Harris, Jr.
Louisville, Kentucky