RENDERED: MARCH 29, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0192-MR

KELLEY HEAVENER          APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 21-CI-002674

JOSEPH CARLISLE ROGERS;
AMERICAN MUTUAL FIRE
INSURANCE COMPANY OF
KENTUCKY; AND JOHN NORBERT
ROGERS          APPELLEES

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND JONES, JUDGES.

CALDWELL, JUDGE: Kelley Heavener filed an appeal from a summary judgment granted in favor of John Norbert Rogers on her claims arising from a dog attack. We dismiss the appeal as being from an interlocutory order.

# FACTS

Kelley Heavener and her dog were attacked by another dog (a pit bull) while walking on Delor Avenue in Louisville. Heavener was physically injured. And Heavener's dog died from injuries suffered in the attack.

The pit bull was owned by Joseph Carlisle Rogers ("Joseph"). At that time Joseph lived in a house on Delor Avenue owned by his brother, John Norbert Rogers ("John"). John had insurance on the Delor Avenue home from American Mutual Fire Insurance Company of Kentucky (hereinafter, "American Mutual").

Heavener filed suit against Joseph and John in Jefferson Circuit Court ("the trial court"). She asserted claims arising from the pit bull attack including strict liability, negligence *per se* for violating local laws requiring owners to control their pets, negligence, and intentional infliction of emotional distress.

John filed an answer to the complaint, but Joseph did not. Default judgment was entered against Joseph with damages to be determined at another hearing. American Mutual filed an intervening complaint against John, arguing that coverage was excluded.

John filed a motion for summary judgment on Heavener's claims, arguing he was not liable for the pit bull attack under Kentucky law. American Mutual also filed a motion for summary judgment, arguing coverage was excluded.

Following briefing and a hearing, the trial court entered an order granting summary judgment in John's favor and dismissing the complaint against him. The order noted it was not final and appealable since Joseph remained in the action. A few days later, the trial court also entered an order dismissing American Mutual's intervening complaint as coverage issues were now moot due to the entry of summary judgment in John's favor.

Shortly thereafter, Heavener filed a motion to amend the summary judgment granted in John's favor to make it final and appealable. The trial court granted this motion in a written order, stating that the summary judgment was amended and made "final and appealable" as of the date of the order so that a motion to alter, amend, or vacate could be filed within ten days. (Record on Appeal, p. 758.)

Next, Heavener filed a motion to alter, amend, or vacate the summary judgment granted in John's favor. The trial court denied the motion to alter, amend or vacate shortly before Heavener filed her appeal. The order denying the motion to alter, amend, or vacate did not state that it was final or that there was no just cause for delay.

To sum up, neither the original summary judgment granted in John's favor, the order amending the summary judgment order to supposedly make it final

and appealable, nor the order denying the motion to alter, amend, or vacate stated that there was no just reason for delay. *See* CR[1] 54.02(1).

CR 54.01 states: "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.02(1) states in pertinent part:

> the court may grant a final judgment upon one or more but less than all of the claims or parties **only upon a determination that there is no just reason for delay**. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added.)

The summary judgment granted in John's favor did not resolve all the rights of all the parties in the action. Specifically, it did not resolve Heavener's claims against Joseph. Admittedly, the trial court did resolve American Mutual's rights by a separate order dismissing the intervening complaint which was rendered after the original summary judgment order and before the order amending the summary judgment order. *See* CR 54.02(2). But the trial court had not adjudicated

---

[1] Kentucky Rules of Civil Procedure.

all of Heavener's or Joseph's rights in the action since damages remained to be determined on Heavener's claims against Joseph. So, no order entered in this case fully adjudicated all the rights of all the parties in the action. *See* CR 54.01.

In addition to none of the trial court's orders being inherently final and appealable under CR 54.01 since they did not fully adjudicate all rights of all parties in the action, none of the trial court's orders adjudicating less than all the rights of all parties stated both that the order was final **and** that there was no just reason for delay. So, these orders were interlocutory and subject to revision pursuant to CR 54.02(1).[2]

Perhaps it may seem hyper-technical and not in the interest of judicial economy to dismiss an appeal from an order which a trial court expressly deems final and appealable simply because there is no statement that there is no just cause for delay. Nonetheless, binding precedent calls for dismissal of an appeal from an order adjudicating less than all the rights of all the parties in an action when the trial court has not determined there is no just reason for delay even when the trial court has deemed its order final and appealable.

---

[2] Nor does CR 54.02(2) apply here since there has been no judgment fully disposing of Heavener's claims against Joseph as damages must still be determined. *See* CR 54.02(2) ("When the remaining claim or claims in a multiple claim action are disposed of by judgment, that judgment shall be deemed to readjudicate finally as of that date and in the same terms all prior interlocutory orders and judgments determining claims which are not specifically disposed of in such final judgment.").

For example, in *Hale v. Deaton*, 528 S.W.2d 719 (Ky. 1975), the trial court entered an order denying a motion for modification of an underlying judgment and stating: "The Judgment entered herein, and this Order are final and appealable Orders and Judgment of the Court." *Id*. at 721. The Kentucky court dismissed the appeal because the underlying judgment did not adjudicate all rights of all parties in the action and because the order denying modification did not state there was no just cause for delay. The Kentucky court noted that both statements that an order or judgment was final and that there was no just reason for delay were expressly required by CR 54.02(1) to permit an appeal from an order or judgment not adjudicating all the rights of all the parties in the action. And it stated that failure to make both required statements – of finality and of there being no just reason for delay – was "fatal." *Id*. at 722.

Kentucky precedent has long required strict compliance with CR 54.02 requirements to make an otherwise interlocutory order adjudicating less than all the rights of all the parties in the action final and appealable. *See Peters v. Board of Ed. of Hardin Cnty.*, 378 S.W.2d 638, 639 (Ky. 1964). We must follow such binding precedent from the Kentucky Supreme Court and its predecessor court, SCR[3] 1.030(8)(a), despite any arguments that such a strict compliance approach to CR 54.02 is hyper-technical or not in the interest of judicial economy.

---

[3] Kentucky Supreme Court Rules.

In short, we dismiss this appeal *sua sponte* because the appeal is from an interlocutory order due to lack of strict compliance with CR 54.02 requirements – specifically the lack of required "no just reason for delay" statement – and because we lack jurisdiction over appeals from interlocutory orders. *See Peters*, 378 S.W.2d at 639-40 (dismissing appeal *sua sponte* as an appellate court may properly raise issues about jurisdiction itself and would lack authority to decide an appeal from an order which "failed to contain the recitals required by CR 54.02 so as to invest this Court with jurisdiction over the appeal").

## CONCLUSION

WHEREFORE, the above-styled appeal shall be, and hereby is, DISMISSED for failure to appeal from a final and appealable order.

ALL CONCUR.

ENTERED:  __March 29, 2024___   _____
                                                JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT:                BRIEF FOR APPELLEE JOHN
                                                     NORBERT ROGERS:

Nolia G. Batey
Louisville, Kentucky                     Gregory L. Smith
                                                     Louisville, Kentucky