**Richard O'ROURKE**

v.

**LEXINGTON REAL ESTATE COMPANY L.L.C.**

No. 2010–CA–000108–MR.

Court of Appeals of Kentucky.

Oct. 7, 2011.

Discretionary Review Denied by Supreme Court May 16, 2012.

Elizabeth Opell Thomas, Ashland, KY, for appellant.

Roger W. Hall, Ashland, KY, for appellee.

Before CAPERTON and COMBS, Judges; LAMBERT,[1] Senior Judge.

*OPINION AND ORDER*

LAMBERT, Senior Judge:

Richard O'Rourke appeals from the trial court's denial of his motion to reconsider the award of attorney's fees in favor of Lexington Real Estate Co., LLC. Upon review, we reverse and remand to the trial court for further consistent proceedings.

On May 13, 2004, O'Rourke entered into a written lease agreement for residential real property in Lexington, Kentucky, with the owner Lexington Real Estate Company, LLC. The lease was renewed on a holdover basis until May 31, 2009. Timely notice was given by O'Rourke that he would not renew the lease for any additional term. Although O'Rourke had deposited $1,250 as a security deposit against damages, in this action the trial court

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

awarded Lexington Real Estate $2,735.08 in costs of repair to the property and $2,950 in late fees and late rent payments. The trial court also awarded Lexington Real Estate $5,000 for its costs and attorney's fees.

O'Rourke filed a motion to reconsider the award of attorney's fees, which the trial court overruled by order entered December 22, 2009. O'Rourke then appealed to this Court with the sole issue being whether the trial court erred when it awarded attorney's fees.

O'Rourke first argues that attorney's fees are prohibited by Kentucky Revised Statute (KRS) 383.570. That statute states that:

A rental agreement may not provide that the tenant:

(a) Agrees to waive of forego rights or remedies under KRS 383.505 to 383.715;

(b) Authorizes any person to confess judgment on a claim arising out of the rental agreement;

(c) Agrees to pay the landlord's attorney's fees[.]

KRS 383.570.

The plain language of this statute precludes a rental agreement from requiring a tenant to pay the landlord's attorney's fees. Although there is no attorney's fees clause in the lease signed by O'Rourke, we view the legislative prohibition of such provision as a strong indicium of public policy disfavoring a landlord's recovery of attorney's fees incurred in an action against a tenant, except in the special circumstances discussed hereinafter.

■ Generally, with respect to attorney's fees, Kentucky follows the American Rule of individual party responsibility rather than the fee shifting practice of some states and some other nations. *Louisville Label, Inc. v. Hildesheim*, 843 S.W.2d 321, 326 (Ky.1992). *See Knott v.*

*Crown Colony Farm, Inc.*, 865 S.W.2d 326, 331 (Ky.1993), holding that without an attorney's fees statute, any such recovery must derive from the underlying contract. However, the Kentucky General Assembly has created a limited statutory exception to the general rule. That exception provides that if "noncompliance is willful the landlord may recover actual damages and reasonable attorney's fees." KRS 383.660(3). " 'Willful' means with deliberate intention, not accidentally or inadvertently, and done according to a purpose." KRS 383.545(17).

■ From the record, we are unconvinced that any act or failure to act by O'Rourke meets the required statutory standard. Although O'Rourke appears to have made unkept promises of future rental payment and appears to have left the vacated property in less than perfect condition, his noncompliance with the terms of the rental agreement was not "willful" as that term is defined in KRS 383.545(17). Ordinarily, the failure to pay rent when due, accompanied by requests for extensions of time and promises of future payment, falls short of the statutory standard. Likewise, tasteless apartment decoration is hardly the type of willful conduct the statute envisions. To compensate the landlord for such matters as these, the lease agreement must be the basis for recovery, and a substantial recovery for past due rent and property damage was allowed here. O'Rourke's tenancy prevailed for five years and substantial sums were awarded in damages under the contract. From the evidence we conclude that the additional award of attorney's fees was erroneous.

■ We have not overlooked *Batson v. Clark*, 980 S.W.2d 566 (Ky.App.1998), in which this Court correctly noted that attorney's fees are not ordinarily allowable as costs in the absence of a statute or an

express contract provision. However, the *Batson* Court went on to recognize an indistinct trial court discretion based on equity and particular circumstance. In this case, however, we need not explore the contours of whatever discretion there may be, for the General Assembly has spoken clearly to the issue in KRS 383.570 and KRS 383.660(3). With respect to rental agreements, there can be no attorney's fees contract provision, for it is forbidden in KRS 383.570. In view of the statutory enactments cited and quoted herein, we see no room for trial court discretion in this arena except as provided in KRS 383.660(3). The limited exception found in KRS 383.660(3) reflects the will of the General Assembly, and we discern no discretionary authority vested in the Court of Justice to go beyond what the Legislature plainly said.

■ Moreover, for another sound reason the attorney fees claim against O'Rourke must fail. In the complaint, a party must state in plain and adequate terms the basis for any claim. *Caldwell v. Frazier,* 304 S.W.2d 922 (Ky.1957). CR 8.01 provides that a claim "shall contain (a) a short and plain statement of the claim showing that the pleader is entitled to relief, and (b) a demand for judgment for the relief to which he deems himself entitled." Our review of the complaint filed herein reveals that Lexington Real Estate failed to properly plead any claim for attorney's fees, and certainly no claim under KRS 383.660(3). Although the complaint requested an award of attorney's fees in the *ad damnum* clause, it failed to state any claim for attorney's fees in the body of the complaint. CR 8.01 requires notice of the claim, and O'Rourke was not given notice of any acts or omissions alleged against him that would authorize application of KRS 383.660(3). Although KRS 383.660(3) creates a limited exception to

the general rule that each party shall pay its own attorney's fees, to invoke that exception notice of the claim must be pled to join the issue. *See Pike v. George,* 434 S.W.2d 626 (Ky.App.1968).

■ O'Rourke argues that Lexington Real Estate had a duty to notify him of any repair estimates pursuant to KRS 383.580(3). However, this issue is not before us as O'Rourke appealed only from the order concerning attorney's fees. We finally address two motions incorporated into the brief on behalf of Lexington Real Estate. Better practice would be for such motions to be filed separately. CR 7.02. In the interest of judicial economy, however, we will address these motions and render our decision as an opinion and order.

■ The first motion seeks to have O'Rourke's brief stricken for failure to provide sufficient citations to the record on appeal pursuant to CR 76.12. A party takes a significant risk upon failing to provide complete citations to the record. It is not the court's responsibility to search the record to determine if a party's factual contentions are supported. *Smith v. Smith,* 235 S.W.3d 1, 5 (Ky.App.2006). Nevertheless, in view of our determination of the merits, we deem the motion to be moot.

■ Next, Lexington Real Estate seeks attorney's fees expended to defend this appeal. This appeal is not so lacking in merit as to be frivolous or taken in bad faith. *Lake Village Water Ass'n, Inc. v. Sorrell,* 815 S.W.2d 418, 421 (Ky.App. 1991). Indeed, the appeal has succeeded. Therefore, the motion for attorney's fees on appeal is denied.

For the foregoing reasons the final judgment of the Fayette Circuit Court is re-

versed and this cause remanded for further consistent proceedings.

ALL CONCUR.