**Kathleen Woodward MITCHELL and Miller, Griffin & Marks, P.S.C., Appellants,**

**v.**

**Richard M. MITCHELL, Jr., Appellee.**

**No. 2010–SC–000722–DG.**

Supreme Court of Kentucky.

Feb. 23, 2012.

Anna Leisa Dominick, Catesby Woodford, Miller, Griffin & Marks, PSC, Lexington, KY, Counsel for Appellants.

Anita Mae Britton, Britton, Osborne & Johnson, PLLC, Tiffany Konwiczka Fleming, Stoll, Keenon & Ogden, PLLC, Lexington, KY, Counsel for Appellee.

Opinion of the court by Justice CUNNINGHAM.

Richard M. Mitchell, Jr. (Richard) and Kathleen Woodward Mitchell (Kathleen) divorced in 1990 after having been married

for twenty-four years. The separation agreement stated that Kathleen was to receive $3,000 per month in maintenance payments. It also provided that the amount of maintenance could be modified if Kathleen became more employable as a result of education she received from Richard's financial assistance.

In October of 2008, Richard filed a motion to modify spousal maintenance due to Kathleen receiving a bachelor's degree in social work from the University of Kentucky. Later, on June 9, 2009, and pursuant to KRS 403.220, Kathleen filed a motion for attorney fees, expert fees, and costs incurred as a result of defending Richard's motion to modify maintenance.

On June 22, 2009, the Family Division of the Fayette Circuit Court heard testimony on both Richard's and Kathleen's motions. Eight days later, on June 30, 2009, the family court entered an order entitled "Findings of Fact and Conclusions of Law." In the order, designated as final and appealable, the family court found that there were insufficient grounds to support Richard's motion for modification of the maintenance. However, the order did not mention Kathleen's motion for fees and costs.

Kathleen's attorney recognized that the issue of fees and costs had not been addressed and emailed the judge's clerk on July 1, 2009:

> Hi Matt, We got the opinion today. Thanks for getting that to us so quickly! I noticed that the Judge did not rule on attorney's fees and was just wondering if he needs that briefed or how he wants us to proceed in that part of the matter. Hope you are having a great day! Thanks, Anna.

The law clerk replied in an email on July 8, 2009: "I am on this, give me a day or two."

Over a month later, on August 13, 2009, the judge's secretary informed Richard's attorney of the communication between Kathleen's attorney and the law clerk. She stated that Kathleen was going to file an affidavit concerning the fees and that Richard would have one week to respond. She also explained that there would be a hearing on Kathleen's motion.

The hearing was held on September 4, 2009. Richard objected on the grounds that the family court no longer had jurisdiction over Kathleen's motion. The judge explained that, through his own mistake, he had neglected to rule on Kathleen's motion earlier. On September 16, 2009, the family court granted Kathleen's motion and awarded her $19,161.80 in attorney fees. In the order, the family court held that Richard's objection was without merit stating: "Quite simply, the June 9 motion was not ruled on until this date."

Richard then appealed the family court's order granting Kathleen's motion for attorney fees to the Court of Appeals. The Court of Appeals found that the family court did not have jurisdiction to grant Kathleen's motion and reversed its award of attorney fees. Kathleen then appealed from the Court of Appeals' decision and we granted discretionary review.

### The Family Court had Jurisdiction Over the Issue of Attorney Fees

■ The question presented in this case is whether the family court's order denying Richard's motion to modify maintenance divested that court of jurisdiction over Kathleen's motion for attorney fees. "[W]hether [a] circuit court has jurisdiction—is purely a question of law, which is reviewed de novo." *Kentucky Employers Mut. Ins. v. Coleman,* 236 S.W.3d 9, 13 (Ky.2007) (citing *Rehm v. Clayton,* 132 S.W.3d 864, 866 (Ky.2004)).

■ Richard relies on CR 52.02 in arguing that the family court lost jurisdiction over Kathleen's motion ten days after it entered the order denying his motion. That rule provides:

Not later than 10 days after entry of judgment the court of its own initiative, or on the motion of a party made not later than 10 days after entry of judgment, may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

Richard contends that the family court's granting of Kathleen's motion for fees was an amendment (or additional finding) to its decision denying his motion to modify maintenance. Since Kathleen's motion was not granted within ten days following the denial of Richard's motion, he asserts that CR 52.02 divested the family court of jurisdiction. We disagree.

CR 52.02 applies only to the amendment *of judgments.* (Emphasis added). "Where the context requires, the term judgment' as used in these rules shall be construed 'final judgment' or 'final order.'" CR. 54.01. Thus, the ten-day time limit, under CR 52.02, would only have divested the family court of jurisdiction if the order denying Richard's motion to modify was a final judgment.

The finality of a judgment depends upon whether the case involves a single claim or multiple claims. In a case involving a single claim, the judgment must adjudicate all the rights of all the parties in order to be final. CR 54.01. Cases involving multiple claims trigger the application of CR 54.02(1), which states:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is *no just reason for delay.* (Emphasis added). The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In this case, the judgment did not recite that there was "no just reason for delay." The question before us then is whether Kathleen's motion for fees and costs constituted a separate claim. If it did, then the family court retained jurisdiction, making Richard's motion interlocutory until the fees issue was ruled upon. CR 54.02(1). We find that Kathleen's motion was a separate claim.

The Court of Appeals' opinion in this case relied on *Francis v. Crounse Corp.,* 98 S.W.3d 62, 67 (Ky.App.2002). In *Francis,* the plaintiff brought a claim against the defendant for a civil rights violation under KRS 344.450. After a jury verdict awarding the plaintiff compensatory and punitive damages, the trial court entered an order also recognizing that the plaintiff was entitled to recover a reasonable attorney fee under the statute. The defendant moved for a judgment notwithstanding the verdict (JNOV) on the compensatory and punitive damages. The trial court granted the motion in part, striking the jury's award of punitive damages, and denied in part, upholding the award of compensatory damages. The trial court included the rec-

itations required by CR 54.02(1) in both its initial entry of the jury verdict and its order granting in part and denying in part the JNOV. The plaintiff appealed from the order granting the JNOV. The defendant then cross-appealed the award of compensatory damages—both from the initial order and the order denying in part his motion for JNOV. A week later, the trial court entered an order awarding $27,141.00 in attorney fees and $2,676.75 in costs to the plaintiff. Neither party appealed from that award.

Further, the court in *Francis* defined the issue presented in that case as "whether the [trial court's] judgment *could* be made a final and appealable one under CR 54.02(1) when it did not dispose of the portion of Francis's claim relating to attorney fees." *Francis* at 65 (emphasis added). The Court of Appeals found that it *could not* because "[the plaintiff's] claim for civil rights violations and for attorney fees constituted only a single claim for purposes of CR 54.01 and CR 54.02." *Id.* at 67 (emphasis added). Thus, it could only be final if it adjudicated all the rights of all the parties. CR 54.01; CR 54.02.

In determining whether all the rights had been adjudicated by the judgment in *Francis,* the Court of Appeals observed that the U.S. Supreme Court held that there should be "a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." *Id.* at 67 (citing *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)). The Court of Appeals declined to adopt such a "bright-line rule" and held instead that "the determination of whether the judgment is final when the amount of the attorney fees has not been resolved should rest on whether attorney fees were part of the claim or whether they were collateral to

the merits of the action[.]" *Id.* It found that the plaintiff's claim for attorney fees was part of his civil rights violation claim, made by the same claimant and not collateral, because it was pled by the plaintiff in his complaint and made pursuant to a statute that required reasonable attorney fees to be awarded.

Pursuant to CR 76.28(4)(c), Richard and Kathleen both cite to the unpublished case of *Hazelwood v. Hazelwood,* No. 2007–CA–001598–ME, 2008 WL 2152349 (Ky.App. May 23, 2008). In *Hazelwood,* the Court of Appeals cited *Francis* and found that an order granting a modification of child support was not final and appealable where a claim for attorney fees remained unadjudicated. It found that the claim for attorney fees was not "collateral," but was part of the underlying claim since the plaintiff requested the fees in her motion for the child support modification, and the claim was made pursuant to statute (KRS 403.220). The Court of Appeals found that the facts of *Hazelwood* are distinguishable from this case because, unlike the party requesting fees in *Hazelwood,* Kathleen did not make her motion for fees along with a motion for modification.

We agree that the case *sub judice* is distinguishable from *Francis* and *Hazelwood.* Unlike in those cases, here the request for attorney fees was made in an entirely separate motion by a party opposed to the initial action. Kathleen's motion for attorney fees was more akin to a counterclaim and stands on the same legal ground under CR 54.02(1). At the same time, however, the motions for fees in *Francis* and *Hazelwood* were made pursuant to KRS 403.220 during litigation involving modifications of either maintenance or child support.

This Court's predecessor, in *Webster County Soil Conservation Dist. v. Shelton,* 437 S.W.2d 934, 936–37 (Ky.1969), dealt

with whether a motion for attorney fees turned an action into a multiple claims action for purposes of CR 54.02. In that case, the Court quoted the rule set forth by the federal court in *Rieser v. Baltimore and Ohio Railroad Company*, 224 F.2d 198, 199 (2nd Cir.1955), that "[t]he ultimate determination of multiplicity of claims must rest in every case on whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced." Shelton ultimately held that the claim for attorney fees was not a separate claim because it was not made until after the judgment had been entered and appealed from.

In this case, Kathleen's motion for fees was made prior to the family court's order denying Richard's motion for modification. It was "counterclaimed" only after the request for modification was filed. Further, there were different facts supporting each motion. The basis for Richard's motion for modification of maintenance was Kathleen's attainment of a bachelor's degree. The basis for Kathleen's request for attorney fees was the financial disparity of the parties in having to defend against Richard's motion. Both motions could have been enforced separately, since Kathleen could have been awarded fees under KRS 403.220 even if Richard's motion was granted. As a result, Kathleen's motion for attorney fees was not part of Richard's motion for modification, but was a separate claim or right created by statute.

For the above-mentioned reasons, Richard's and Kathleen's motions constituted separate claims for purposes of CR 54.02. Accordingly, the order denying Richard's motion to modify maintenance did not terminate the family court's jurisdiction as to Kathleen's motion for fees and costs. Therefore, we hereby reverse the opinion of the Court of Appeals and remand this case to that court for consideration of the merits of Richard's appeal of the family court's order awarding Kathleen attorney fees.

MINTON, C.J.; NOBLE, SCHRODER, SCOTT, and VENTERS, JJ., concur. ABRAMSON, J., concurs in result only.