Kevin NESSELHAUF and Kelli
Nesselhauf, Appellants

v.

Christopher Ryan Haden and Gregory
BALTIMORE, Appellees.

No. 2012–CA–000755–MR.

Court of Appeals of Kentucky.

Oct. 4, 2013.

Matthew R. Malone, Lexington, KY, for
appellants.

Traci H. Boyd, Tiffany Fleming, Lexing-
ton, KY, for appellees.

Before COMBS, MAZE and NICKELL,
Judges.

## OPINION

MAZE, Judge:

Appellants, Kevin and Kelli Nesselhauf (hereinafter "the Nesselhaufs"), appeal from the order of the Fayette Circuit Court awarding attorney's fees to Appellees, Gregory Baltimore and Ryan Haden, stemming from a custody matter to which they were parties. The Nesselhaufs contend that the trial court erred in awarding said fees. We find that the trial court's order constituted an abuse of discretion, as the court did not have jurisdiction over the issue of attorney's fees. Therefore, we reverse.

## Background

The Nesselhaufs' daughter, Lisa, is mother to two children, A.A. and A.H.; the former being Baltimore's child and the latter being Haden's. In February 2011, the Nesselhaufs sought custody of their grandchildren, as well as *de facto* custodian status pursuant to Kentucky Revised Statutes (KRS) 403.270. Baltimore and Haden objected to these requests and, in their responses to the Nesselhaufs' motions, prayed for awards of attorney's fees. Following an evidentiary hearing regarding the Nesselhaufs' motions on April 22, 2011, and upon motions for directed verdict by counsel for Baltimore and Haden, the trial court found insufficient evidence to support the Nesselhaufs' claims for custody and *de facto* custodian status. The trial court entered a written order granting directed verdict on May 10, 2011.

On June 27, 2011, Haden filed a motion seeking reimbursement of his attorney's fees from the Nesselhaufs. Three days later, Baltimore filed a motion seeking the same. In an order entered August 9, 2011, the trial court stated that it would hear evidence pertaining to the motions and held that KRS 403.220, contrary to the Nesselhaufs' objections, did not impose a timeliness requirement upon Baltimore and Haden. The trial court requested that the parties perfect the record regarding fees and scheduled a pretrial conference on the matter.

On January 5, 2012, the trial court ordered the Nesselhaufs to pay $2,000 of Baltimore's attorney's fees and $5,000 of Haden's. In its order, the trial court emphasized the disparity between the Nesselhaufs' income and the respective incomes of Baltimore and Haden.[1] The court did not address the timeliness of the motions for attorney's fees. Following the trial court's refusal to alter, amend or vacate the substantive findings in its order, the Nesselhaufs now appeal that order to this Court.

## Standard of Review

On appeal, the Nesselhaufs portray the present issue as one of statutory interpretation. Hence, they contend that the matter is strictly one of law and that this Court must review the trial court's order *de novo*. While we will indeed review the language of KRS 403.220, we disagree that this case presents an issue of statutory interpretation. Further, it has long been held that the decision whether to make an assignment of attorney's fees, "and ... the amount to be assigned is within the discretion of the trial judge." *Sexton v. Sexton,* 125 S.W.3d 258, 272 (Ky.2004) (quoting *Neidlinger,* 52 S.W.3d 513, 519 (Ky.2001)).

---

1. The trial court found the Nesselhaufs earned approximately $154,000 in gross income per year and held several valuable assets, including multiple vehicles, bank accounts, investments and a timeshare property. The court contrasted this with Baltimore's and Haden's respective incomes, finding that the Nesselhaufs' income was "4–5 times more per year than Haden or Baltimore."

However, this case hinges on a question of law: Whether or not the trial court had jurisdiction to consider the motions for attorney's fees. Hence, we review that preliminary question *de novo*, showing the trial court's order no deference. *Grange Mutual Insurance Co. v. Trude*, 151 S.W.3d 803, 810 (Ky.2004). Should we resolve that question in the affirmative, we will then review the substantive issue regarding attorney's fees for an abuse of discretion.

## Analysis

The Nesselhaufs' argument on appeal is two-fold. They first argue that KRS 403.220 itself implicitly bars actions for attorney's fees after a period of time has passed from entry of the final order. The Nesselhaufs also assert that the Kentucky Rules of Civil Procedure ("CR") rendered the motions untimely and beyond the trial court's jurisdiction. We discuss the latter argument only, as we believe it single-handedly resolves the issue on appeal.

### I. Trial Court's Jurisdiction Over Attorney's Fees Claims

In addition to their argument that Baltimore's and Haden's motions were statutorily barred, the Nesselhaufs contend that, because more than ten days elapsed between the court's order and the motions, the trial court lost jurisdiction over the matter and the doctrines of waiver and *res judicata* prevented it from being revived. In support of this argument, the Nesselhaufs turn largely to our Civil Rules, as well as precedent.

█ As a preliminary matter, Baltimore and Haden assert on appeal that, because the Nesselhaufs did not specifically mention the doctrines of *res judicata* and waiv-

er in support of their claims in their Prehearing Statement pursuant to CR 76.03(8),[2] this Court should not consider their argument that the motions for attorney's fees were barred on those grounds. We disagree. While it is true that there is no specific mention of those doctrines in the prehearing statement, the Nesselhaufs clearly take exception to the timeliness of the motions in question as well as the trial court's ability to consider them. Both *res judicata* and waiver directly address these issues. Accordingly, we are satisfied that these issues were preserved for appeal, and we elect to proceed to the merits of the Nesselhaufs' claims.

### A. Finality of Trial Court's Order Granting Directed Verdict

CR 52.02 states,

[n]ot later than 10 days after entry of judgment the court of its own initiative, or on the motion of a party made not later than 10 days after entry of judgment, may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

Additionally, CR 59.02 provides that "[a] motion for a new trial shall be served not later than 10 days after the entry of the judgment."

Central to the Nesselhaufs' claim that the trial court lacked jurisdiction to consider Baltimore's and Haden's motions for attorney's fees is their presumption that the trial court's order of May 10, 2011 was "final"; that is, it adjudicated all the rights of all the parties. *See* CR 54.01. In support of their argument, the Nesselhaufs cite the unpublished opinion of this Court

---

**2.** CR 76.03(8) states that a "party shall be limited on appeal to issues [raised] in the   prehearing statement[.]"

in *Hutchins v. Koch*, 2011–CA–000850–MR, 2012 WL 5040842 (Ky.App.2012).[3]

In *Hutchins*, like in the present case, Respondent raised the issue of attorney's fees in her responsive pleadings. However, she did not mention the matter during discovery or during the evidentiary hearing regarding maintenance, nor did she move for reconsideration or seek an appeal of the court's decision regarding maintenance and other underlying matters. Six months after entry of the court's order, Respondent moved for attorney's fees. The trial court denied the motion and we affirmed, holding that the motions were not necessarily "time-barred" by KRS 403.220, but were barred because a final judgment on the merits had been entered and was "conclusive of causes of action and of facts or issues thereby litigated[.]" *Hutchins, supra,* at *2 (quoting *Yeoman v. Commonwealth Health Policy Bd.,* 983 S.W.2d 459, 464 (Ky.1998)). Therefore, because the Respondent "filed no motion for further findings or reconsideration, and filed no direct appeal from the court's final judgment[,]" the trial court lost jurisdiction ten days after entry of the order. *Id.* (citing CR 52.04; CR 59.05; *Crain v. Dean,* 741 S.W.2d 655, 658 (Ky.1987)). The Nesselhaufs' claims on appeal mirror this analysis.

In arguing that the trial court's order was not final, but merely interlocutory, Baltimore and Haden cite to our Supreme Court's recent decision in *Mitchell v. Mitchell,* 360 S.W.3d 220 (Ky.2012). In *Mitchell,* Petitioner moved the trial court to modify his maintenance order. In response, the Respondent filed a separate motion requesting attorney's fees associated with defending the motion. Following

an evidentiary hearing at which the trial court heard proof regarding both motions, the court entered an order denying Petitioner's motion; however, the court did not rule on Respondent's separate motion for attorney's fees. Counsel for Respondent immediately emailed the court clerk informing the court of that fact and, following another hearing regarding the parties' respective financial resources, the trial court entered an order awarding Respondent attorney's fees, over Petitioner's objection on the basis of jurisdiction.

On appeal, this Court found that the trial court did not have jurisdiction over the issue of attorney's fees because the motion was filed more than ten days after entry of the order regarding maintenance. The Supreme Court disagreed with the Court of Appeals, holding that, because Respondent made her motion for attorney's fees prior to the court's adjudication of the maintenance issue, the issue of attorney's fees constituted a separate claim for relief and the court was not divested of jurisdiction because its order adjudicated "less than all the claims or the rights and liabilities of less than all the parties[.]" *Mitchell, supra,* at 222 (quoting CR 54.02(1)). The Court emphasized that the motion for attorney's fees had been "made in an entirely separate motion by a party opposed to the initial action" making it "more akin to a counterclaim[.]" *Id.* at 223.

Contrary to Baltimore's and Haden's argument, significant factual differences exist which render *Hutchins,* not *Mitchell,* controlling of the present issue. Imperative to Respondent's ultimate success in *Mitchell* was the fact that she filed a separate motion for attorney's fees; that she

---

**3.** While Baltimore and Haden contend that we should disregard this case as persuasive authority pursuant to CR 76.28(4), we find the facts in *Hutchins* to be sufficiently distinguishable from the case to which Baltimore and Haden cite, and which we discuss at length *infra, Mitchell v. Mitchell,* 360 S.W.3d 220 (Ky.2012).

did so *prior* to the trial court's order adjudicating the underlying substantive claim; that she presented proof regarding attorney's fees concurrently with that of the maintenance claim; and she immediately made the court aware of its failure to rule on the issue of fees in its final order. The same cannot be said for Baltimore's and Haden's claim.

 Baltimore requested attorney's fees in the "prayer for relief" sections of two pleadings filed in response to the Nesselhaufs' motions. However, this, by itself, was insufficient to create a separate claim for relief. *See O'Rourke v. Lexington Real Estate Co. LLC,* 365 S.W.3d 584, 587 (Ky.App.2011) (holding that a claim does not arise merely from stating a prayer for relief in the *ad damnum* section clause of a pleading; a party must also state why he or she is legally entitled to that which is being requested.). Instead, Baltimore and Haden filed motions well after the trial court entered its order on the custody matters, and they did nothing during the case or immediately afterward to provide the court with proof supporting their prayer for relief or to inform the court of its failure to adjudicate the issue. Furthermore, they did not move the court for additional findings pursuant to CR 52.04, to alter or amend its order pursuant to CR 59.05, or appeal the court's order.

Applying the reasoning previously stated in *Hutchins,* we find that the trial court's order was not interlocutory; rather, it constituted a final and appealable order, as it adjudicated the only claim that was truly before the trial court—custody. This being the case, as in *Hutchins,* the trial court's jurisdiction over additional issues lapsed after ten days—well before either motion was filed. Therefore, like the Respondent in *Hutchins,* Baltimore and Haden were "barred from raising [attorney's fees] now ... as [they] filed no

motion for further findings or reconsideration, and filed no direct appeal from the court's final judgment." *Hutchins, supra,* at.*2 (CR 52.04; CR 59.05).

### Conclusion

Because the trial court was divested of its jurisdiction—and its considerable discretion over the matter of attorney's fees—it erred in entertaining Baltimore's and Haden's motions. Accordingly, the order of the Fayette Family Court is reversed and remanded for entry of an order consistent with this opinion.

ALL CONCUR.