RENDERED:  JUNE 21, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0951-MR

TIMOTHY MCILWAIN                                                     APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE DERWIN L. WEBB, JUDGE
ACTION NO. 19-CI-500628

BROOKE BERRY                                                          APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  CALDWELL, ECKERLE, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Appellant, Timothy McIlwain ("McIlwain"), appeals from

orders of the Jefferson Circuit Court which awarded Appellee, Brooke Berry

("Berry"), $11,815.00 in attorney fees.  After careful review of the law and the

briefs, we dismiss this appeal as being taken from interlocutory orders of the

circuit court.

McIlwain and Berry previously cohabitated and have one minor child together. Berry initiated the underlying civil custody action in 2019. Since then, the parties have engaged in contentious litigation in the civil custody case and companion domestic violence cases involving the parties in Kentucky, as well as matters in New Jersey where McIlwain resides. The following are the facts relevant to the appeal at hand.

In May 2019, the circuit court entered a domestic violence order ("DVO") on behalf of Berry to last for three years. Before the expiration of the DVO, Berry filed a motion to extend the DVO, which the circuit court granted. McIlwain challenged the entry of the DVO and the extension order, culminating in an appeal previously addressed by this Court. *McIlwain v. Berry*, No. 2022-CA-1094-ME, 2023 WL 2618188 (Ky. App. Mar. 24, 2023), *review denied* (Aug. 16, 2023). In that appeal, this Court affirmed the circuit court, stating the appeal from the May 2019 DVO was untimely, and the appeal from the July 2022 extension order failed due to lack of any argument or citation of supporting authority.

Shortly after the Opinion was rendered, Berry filed a motion for attorney fees in the parties' civil custody case for a total of $19,367.50 incurred in relation to the extension of the DVO and the subsequent appeal. The circuit court entered an order granting Berry $11,815.00 of the fees, and McIlwain filed a motion to vacate it. The circuit court did not vacate the order, but did amend it,

-2-

removing the circuit court's statement that it believed McIlwain was "attempting to manipulate the legal system so that [Berry] incurs additional and unnecessary legal fees" and expanding on McIlwain's actions in failing to appear at the hearing regarding the extension of the DVO even though he requested it. (Record ("R.") at 2097 and 2300.) Notably, a final custody decree has not been entered and neither of the appealed orders include CR[1] 54.02 finality recitations.

As a preliminary matter, we must address a jurisdictional issue – whether the orders appealed are final. *Tax Ease Lien Invs. 1, LLC v. Brown*, 340 S.W.3d 99, 101 (Ky. App. 2011) (citations omitted). In this case, the appealed orders lack finality. It is well established that an appeal may only be taken from a final and appealable judgment, which is a "final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under [CR] 54.02." CR 54.01. CR 54.02 provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and

---

[1] Kentucky Rules of Civil Procedure.

the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*See also Webster County, Soil Conservation Dist. v. Shelton*, 437 S.W.2d 934, 936 (Ky. 1969). The determination of whether an award of attorney fees is final "should rest on whether attorney fees were part of the claim or whether they were collateral to the merits of the action[.]" *Francis v. Crounse Corp.*, 98 S.W.3d 62, 67 (Ky. App. 2002). If enmeshed with part of another claim, an award of fees is inherently interlocutory; alternatively, if the attorney fee issue is collateral, it is "more akin to a counterclaim." *Mitchell v. Mitchell*, 360 S.W.3d 220, 222-23 (Ky. 2012). And in order to make a collateral claim final and appealable, CR 54.02 recitations must be included. CR 54.01; *Sec. Fed. Sav. & Loan Ass'n of Mayfield v. Nesler*, 697 S.W.2d 136, 138 (Ky. 1985).

In this case, Berry's request for attorney fees was a collateral request made under KRS[2] 403.220, which provides:

The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

---

[2] Kentucky Revised Statutes.

-4-

Of pertinence, Berry's motion for attorney fees was filed in the parties' civil custody case which has several remaining claims that we simply cannot ignore. Particularly, the circuit court has yet to enter a final custody decree. There are also several other matters pending, including contempt issues as well as requests for attorney fees incurred solely in the civil custody case by both parties. (R. at 1416, 1881, and 1917.) And markedly, the appealed orders in this case do not contain CR 54.02 finality recitations.

Because the orders are not final and appealable under CR 54.01 and the circuit court did not include the requisite finality recitations of CR 54.02, the appealed orders are interlocutory. This Court lacks jurisdiction to entertain McIlwain's arguments regarding the merits. Accordingly, we dismiss this appeal as interlocutory.

ALL CONCUR.

ENTERED: _June 21, 2024__

_____
JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT:

Timothy McIlwain, *pro se*
Hammonton, New Jersey

BRIEF FOR APPELLEE:

Troy DeMuth
Spencer J. Brook
Prospect, Kentucky