RENDERED: APRIL 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1064-MR

CHARLES HOLDEN                                                         APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.            HONORABLE DERWIN L. WEBB, JUDGE
ACTION NO. 11-CI-503722

RACHAEL HOLDEN                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND EASTON, JUDGES.

EASTON, JUDGE: In this post-dissolution divorce case, Appellant Charles

Holden (Husband) challenges an Order of the Jefferson Family Court granting a

Motion for Attorney's Fees in favor of Appellee Rachael Holden (Wife) following

litigation over Husband's military pension. The family court considered the

parties' financial resources and awarded attorney's fees to Wife[1] noting the

---

[1] The Order in question directed payment of the fees directly to the attorney. Under current procedural practices, it was not necessary to name the attorney as a party to this appeal. *See Mahl v. Mahl*, 671 S.W.3d 140, 151 (Ky. 2023).

disparity of income between the parties, without making a finding of any misconduct or obstructive litigation tactics by either party. Husband argues it was error for the family court to award attorney's fees based on disparity of income alone. After review of the record and applicable law, we AFFIRM.

## FACTUAL AND PROCEDURAL HISTORY

A brief history of the underlying litigation is important to understanding the request for attorney's fees which is the subject of this appeal. The parties were married in 1991 and separated in 2011. Husband was a pilot with the United States Air Force and later worked as a commercial pilot for United Parcel Services. He accrued pension benefits through the private sector and the military. The underlying litigation relating to the attorney's fees awarded concerns Husband's military pension only.

At the time of the parties' dissolution of their marriage in 2013, they agreed that, upon Husband's retirement, Wife would receive 30% of his disposable income from the military pension. Later, the parties entered into two agreements clarifying this interest. The first Agreed Order, entered in 2014, clarified that Husband would participate in the Survivor Benefit Plan (SBP) to provide continued income to Wife in the event of his death. Wife agreed to pay the monthly premiums for the SBP. The second Agreed Order, entered in 2015,

clarified that Husband was prohibited from taking any action that would reduce or limit Wife's monthly entitlement.

Husband began receiving his military pension in 2021. A dispute arose over the way Husband's pension was calculated and disbursed by the Defense Finance Accounting Service (DFAS), and whether Wife owed reimbursement to Husband directly for payment of the SBP premiums.

Wife filed a motion alleging Husband had caused unauthorized deductions from the benefit thus reducing her portion. Specifically, Husband's disposable income was decreased by deductions for a VA waiver and debt repayment fees, in violation of the 2015 Agreed Order. This improper reduction of disposable income had the net effect of reducing Wife's income derived from her 30% entitlement.

Husband filed competing motions to compel Wife to reimburse him directly for SBP premiums since she was responsible for them under the 2014 Agreed Order. The SBP premiums had been withheld from Husband's portion of the pension check pursuant to DFAS accounting policy. To some extent, the parties could not require the military to do things inconsistent with its internal policies.

After lengthy discovery, failed mediation, and hearings held in March and August 2024, the Jefferson Family Court entered a decision (hereinafter

referred to as the 2024 Order) adopting Wife's Findings of Fact and Conclusions of Law *in their entirety* and finding that Husband had violated the 2015 Agreed Order by reducing his disposable income with fees that were authorized by DFAS but contrary to the parties' post-dissolution agreement. Husband filed a Motion to Alter, Amend, or Vacate, which the family court denied. Husband then appealed.

This Court vacated and remanded the 2024 Order with instructions that the Family Court make its *own* findings of fact and conclusions of law based on the totality of the evidence presented.[2] We did not reverse the family court's findings for lack of evidence to support them or its ruling as an abuse of discretion. We noted that the case presented complicated factual and legal situations pertaining to financial accounting, military pensions, marital debt, and the agreements parties must sometimes craft to compensate for DFAS's inflexible accounting system. And we determined the issues were not routine clerical matters that could be delegated to trial counsel for drafting as an administrative convenience. They were complex matters that demanded the family court's "careful deliberation, detailed findings, and independent conclusions." *Id.* at *4.

In December 2024, while Husband's appeal of the 2024 Order was pending, Wife filed a Motion for Attorney's Fees based on the substantial disparity of income between the parties and Husband's uncooperative conduct during the

---

[2] *Holden v. Holden*, No. 2024-CA-1468-MR, 2025 WL 3683387 (Ky. App. Dec. 19, 2025).

military pension litigation.  Wife also filed Motions to Exchange Tax Returns and to Show Cause why Husband should not be held in contempt for failing to comply with the 2024 Order, which was on appeal without a supersedeas bond to stay its enforcement.  At a hearing on the matter, the parties entered an Agreed Order to exchange their most recent tax returns, make payments pursuant to the 2024 Order, and *submit the issue of attorney's fees to the family court for resolution after briefs were filed and tax returns were exchanged*.

In July 2025, prior to this Court's decision on the 2024 Order, the family court granted Wife's Motion for Attorney's Fees, ordering Husband to pay $5,000.00.  Relying on the language of KRS[3] 403.220, the family court in its succinct decision found that reasonable attorney's fees were appropriate because Husband earned substantially more than Wife.  Husband then filed this timely appeal raising the sole issue of whether the family court properly awarded attorney's fees.[4]

---

[3] Kentucky Revised Statutes.

[4] The parties do not suggest that the Order now on appeal was not appealable separate from the underlying dispute which led to the fees being incurred.  They are separate questions for review. *Mitchell v. Mitchell*, 360 S.W.3d 220 (Ky. 2012).  We note that judicial economy (not to mention the costs incurred by the parties for separate appeals) may call for both rulings to be addressed in one appealable order.

## STANDARD OF REVIEW

The family court made specific findings of fact regarding the parties' income. Appellate review of a trial court's factual findings is governed by the clearly erroneous standard; factual determinations supported by substantial evidence will not be disturbed. *Truman v. Lillard*, 404 S.W.3d 863, 868 (Ky. App. 2012). Based upon comparative income findings, the family court awarded attorney's fees to Wife. An award of attorney's fees is reviewed for abuse of discretion. *Gentry v. Gentry*, 798 S.W.2d 928, 938 (Ky. 1990). "The test for an abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound reasonable principles." *Penner v. Penner*, 411 S.W.3d 775, 779-80 (Ky. App. 2013) (internal quotation marks and citation omitted).

## ANALYSIS

Husband challenges the family court's award of attorney's fees by disputing he engaged in bad conduct, arguing that the litigation was unnecessary, and claiming there was insufficient proof of income in the record on which the trial court could properly base its findings that he earned substantially more than Wife. Husband also argues the family court erred in awarding attorney's fees based solely on disparity of income. We reject each of these contentions for reasons set forth below.

As grounds for attorney's fees, Wife argued to the family court that Husband had engaged in obstructive and inappropriate tactics during the military pension litigation. He failed to respond to her written attempts to resolve the pension calculation dispute without litigation and failed to respond to her tendered Offer of Judgment pursuant to CR[5] 68(3).[6] Wife also argued to the family court that attorney's fees were appropriate under KRS 403.220 because there was substantial disparity of income between the parties.

Wife relied on the Kentucky Supreme Court's decision in *Gentry*, which affirmed an award of attorney's fees based on disparity in the financial resources of the parties as well as obstructive tactics and refusal to cooperate in the proceedings. Wife also argued that an award of attorney's fees based solely on disparity of income is proper even if a party does not utilize obstructive or inappropriate tactics in the litigation, citing *Bishir v. Bishir*, 698 S.W.2d 823 (Ky. 1985)[7] (disparity of financial resources was sufficient grounds to award fees incurred in a post-judgment CR 60.02 proceeding).

---

[5] Kentucky Rules of Civil Procedure.

[6] Wife acknowledges that since her CR 68 Offer of Judgment was presented to Husband, the Kentucky Supreme Court has ruled that CR 68 has no application to family law matters. *See Picard v. Knight*, 701 S.W.3d 467 (Ky. 2024).

[7] *Bishir* was one of the cases overruled by *Smith v. McGill*, 556 S.W.3d 552 (Ky. 2018), to the extent it was inconsistent with the latter case. In other words, *Bishir* was overruled only to the extent that a finding of disparity in income was required to even consider awarding attorney's fees.

Husband argued to the family court that he had not been uncooperative or obstructive by ignoring Wife's CR 68 Offer of Judgment in light of the decision in *Picard*, or by exercising his right to appeal. And while he acknowledged the parties' annual incomes differed, it was not mandatory to award attorney's fees on this basis alone. Husband relied on the Kentucky Supreme Court decision in *Smith v. McGill*, 556 S.W.3d 552, 556 (Ky. 2018), which overruled a long line of cases requiring a threshold finding of disparity in income prior to entering an award of attorney's fees under KRS 403.220.

The family court referenced neither the arguments regarding obstructive tactics nor the CR 68 Offer of Judgment in its ruling. Husband's appeal on these grounds is thus largely beside the point. Instead, the family court awarded attorney's fees based on the financial circumstances of the parties. The family court stated as follows:

> 1. In the Commonwealth of Kentucky, KRS 403.220 provides that[,] after considering the financial resources of both parties, the Court "may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter for attorney's fees."
>
> 2. In this case, Petitioner, Charles Holden, earns substantially more than Respondent, Rachel Holden. Petitioner is employed as a commercial pilot for UPS, where he earns more than $415,000.00 per year. Respondent is a real estate agent and as such, her income fluctuates, but her tax return for 2023 showed an income of approximately $67,000.00.

3. This Court finds that there is a disparity in income pursuant to KRS 403.220, and as such, it is appropriate to award reasonable attorney's fees to Respondent, Rachel Holden.

Husband challenges the attorney's fees award because there was no proof of income submitted into the record on which the family court could base its findings that he earned substantially more than Wife. This argument is specious.

The family court expressly ordered the parties to exchange income information and submit memoranda addressing attorney's fees in its Hearing Order entered in February 2025. In compliance with that order, the parties set forth specific income figures drawn from their most recent tax returns, stating that Wife grossed approximately $67,000.00, while Husband grossed approximately $415,000.00. These figures were presented as part of the court-ordered briefing on financial resources.

Significantly, Husband did not dispute these income figures. Nowhere in his memorandum did Husband challenge the accuracy of the amounts, request other documentation, or seek an evidentiary hearing to contest the financial representations by both parties before the family court. Having chosen not to contest the financial information when the issue was before the family court, Husband cannot now fault the family court for relying on the undisputed record. The family court's findings of income are not clearly erroneous because they are

-9-

supported by substantial, undisputed evidence presented to the court, as directed by the court, for the sole consideration of attorney's fees.

The family court did not state that a financial disparity was required under KRS 403.220, or that such disparity was automatically dispositive of a motion for attorney's fees under the statute. The family court relied on the language of KRS 403.220 that, *after considering the financial resources of both parties*, the court *may* order a party to pay reasonable attorney's fees. As part of that consideration, the family court noted the income of each party and the substantial disparity therein. The family court further found it was "appropriate to award reasonable attorney's fees" to Wife. We find no abuse of discretion in this decision.

"It is well settled that a trial court has broad discretion in awarding attorney fees to either party in a dissolution proceeding." *Age v. Age*, 340 S.W.3d 88, 97 (Ky. App. 2011) (citing *Tucker v. Hill*, 763 S.W.2d 144 (Ky. App. 1988)). And we will not disturb that discretion unless the judge's decision is arbitrary, unreasonable, unfair, or unsupported by sound reasonable principles. *Id.*

"While financial disparity is no longer a threshold requirement which must be met in order for a trial court to award attorney's fees, we note that the financial disparity is still a viable factor for trial courts to consider in following the

statute and looking at the parties' total financial picture." *Smith*, 556 S.W.3d at 556.

Here, the family court did not abuse its discretion in considering only the parties' total financial picture in determining whether an award of attorney's fees was appropriate. The statute does not require that a financial disparity *must* exist in order to award attorney's fees. Rather, as the *Smith* court points out, the statute only requires the family court to *consider* the financial resources of the parties prior to awarding attorney's fees. Here, the family court did consider the financial resources of the parties. And while trial courts may also consider whether one party used obstructive tactics during litigation, no such finding is required.

Although the family court here did not make such a finding, we note that the dispute was largely about choices made by Husband about deductions to the retirement benefit at issue and how those adjustments impacted the minority interest which he agreed Wife was to receive from this retirement benefit. Wife had to litigate to protect a 30% interest. In addition to Husband earning six times what Wife earned, he also was receiving more than twice as much as Wife received from the pension at issue. It was in no way unfair to make Husband pay $5,000.00 for Wife's attorney's fees.

KRS 403.220 provides as follows:

Costs of action and attorney's fees[.]

The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.  The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

While Husband is correct there is caselaw supporting an award of attorney's fees upon a finding of *both* misconduct *and* disparity in income, the clear language of the statute *only requires* the court to consider the financial resources of the parties and nothing else.  There is simply no support for Husband's argument that consideration of the parties' respective financial conditions alone is insufficient to support an award of attorney's fees.

By removing the threshold requirement of finding a disparity of income in *Smith*, Kentucky courts are now free to award fees where there has been misconduct or obstructive litigation tactics as between parties with similar incomes.  But the plain language of the statute, and the status of Kentucky caselaw, still allows the court to award attorney's fees based solely on consideration of the financial condition of the parties, even without a finding of misconduct.

We also reject Husband's contention that our prior decision vacating and remanding the 2024 Order bars the award of attorney's fees in this case.  In our

-12-

prior decision, we did not address attorney's fees, did not prohibit a future award of attorney's fees, and did not limit the family court's authority to award fees in post-decree proceedings.  Further, there is no requirement under the statute that an award of attorney's fees is available only to a prevailing party in post-decree proceedings.

## CONCLUSION

Finding no abuse of discretion in the Jefferson Family Court's award of attorney's fees, we AFFIRM.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Allison Spencer Russell
Louisville, Kentucky

BRIEF FOR APPELLEE:

Jonathan S. Ricketts
Louisville, Kentucky